Pursuant to the memorandum filed herein this day,

IT IS HEREBY ORDERED that defendants' motions to dismiss the indictment be and are granted.

IT IS FURTHER ORDERED that defendants' motions to inspect grand jury instructions and minutes be and are denied as moot.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the indictment against defendants Eugene Slay, Leroy Tyus and James Cullen be and is dismissed.

Dated: July 6, 1989.

Carlos A. **CABEZAS**, Petitioner,

v.

Roger F. **SCOTT**, Warden, F.C.I. Safford, Arizona, et al., Respondents.

No. CIV 88–457 GLO–RMB.

United States District Court, D. Arizona, Globe Division.

Jan. 27, 1989.

*van,* 853 F.2d 593 (8th Cir.1988), *Fernandez–Collado v. INS,* 644 F.Supp. 741 (D.Conn.1986). 8 U.S.C. § 1252(a) is, therefore, inapplicable to petitioner.

█ The court further concludes that Section 701 of the Immigration Reform and Control Act of 1986, Pub.L. 99–603, codified at 8 U.S.C. § 1252(i), was intended to address the balance of state versus federal responsibility for incarcerated aliens subject to deportation, rather than for the benefit of deportable aliens. The statute, therefore, does not provide petitioner with a private right of action. *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); *Universities Research Association, Inc. v. Coutu,* 450 U.S. 754, 101 S.Ct. 1451, 67 L.Ed.2d 662 (1981).

IT IS THEREFORE ORDERED that respondents' Motion for Summary Judgment is GRANTED.

---

Carlos Cabezas, Dublin, Cal., pro se.

Gerald S. Frank, Asst. U.S. Atty., Tucson, Ariz., Alison Druker, Dept. of Justice, Office of Immigration Litigation, Washington, D.C., for respondents.

## ORDER

BILBY, Chief Judge.

█ Petitioner is currently in the custody of the Federal Bureau of Prisons. The Immigration and Naturalization Service (INS) has issued a Form I–247 "Immigration Detainer—Notice of Action by Immigration and Naturalization Service" and a Form I–221 "Order to Show Cause and Notice of Hearing." These documents advise petitioner and the Bureau of Prisons of petitioner's deportability and request thirty days notice of petitioner's release. No arrest warrant has been issued. This court is of the opinion that the documents issued do not serve to place petitioner within the custody of INS. *Campillo v. Sulli-*