**Joel Amin GONZALEZ, Appellant,**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE, Appellee.**

**No. 88–5371.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 30, 1988.

Decided Feb. 10, 1989.

Joel Amin Gonzalez, pro se.

Robert M. Small, Asst. U.S. Atty., Minneapolis, Minn., and Alison R. Drucker, Washington, D.C., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Joel Amin Gonzalez appeals from the district court[1] order dismissing his petition for writ of mandamus. Gonzalez sought to compel the Immigration and Naturalization Service to afford him an expeditious deportation proceeding under 8 U.S.C. § 1252(a) & (i) (1982 & Supp.1986) after it filed a detainer with the prison in which Gonzalez is incarcerated. We affirm.

Gonzalez, a native of Nicaragua, entered the United States in 1982 without a proper inspection, and has therefore remained excludable from this country under 8 U.S.C. § 1251(a)(2). In August 1987, Gonzalez pleaded guilty to possession with intent to distribute over one hundred grams of heroin and was sentenced to five years of imprisonment. On January 8, 1988, the Immigration and Naturalization Service filed a Notice of Detainer with the prison authorities where Gonzalez was incarcerated and advised them that an investigation was being initiated to determine whether

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

Gonzalez was subject to exclusion or deportation from the United States.

Gonzalez filed a petition for mandamus relief requesting the district court to order the INS to afford him an "expeditious deportation proceeding" pursuant to 8 U.S.C. § 1252(a) & (i).[2] The district court, adopting the magistrate's report and recommendation, concluded that the INS had no duty under 8 U.S.C. § 1252(a) to conduct a hearing until an alien is taken into [INS] custody by execution of an INS warrant. The court rejected the claim that 8 U.S.C. § 1252(i) granted aliens the right to challenge INS detainers in federal court. Finally, the court concluded that Gonzalez's petition failed to establish any of the elements required for a writ of mandamus, and noted that his claim would fail even if it were construed as a habeas corpus petition. This appeal followed.

In *Campillo v. Sullivan*, 853 F.2d 593 (8th Cir.1988), this court recently held that an incarcerated alien cannot compel the INS, through a petition for writ of habeas corpus, to provide an immediate hearing and disposition of deportation proceedings upon the filing of an INS detainer with the penal facility where the alien is incarcerated. In reaching this result, the court concluded that the filing of a detainer by the INS with prison officials did not amount to a taking into custody of the incarcerated alien. *Id.* at 596. The district court in *Campillo* therefore lacked jurisdiction to consider the alien's habeas petition.

Gonzalez, who is incarcerated, sought to require the INS to afford him expeditious deportation proceedings under 8 U.S.C. § 1252(a) & (i). He seeks relief through a writ of mandamus, rather than habeas corpus. *Campillo* did not resolve whether section 1252(i) affords incarcerated aliens

an implied right of action under the test set forth in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975), although we articulated doubts that the statute and its legislative history support one. *See* 853 F.2d at 596 n. 4 (dictum). We now conclude that 8 U.S.C. § 1252(i) does not afford incarcerated aliens such a right of action.

In *Cort v. Ash,* 422 U.S. at 78, 95 S.Ct. at 2088, the Supreme Court enunciated the four factor test used in determining whether a private cause of action is implicit in a federal statute: (1) whether the statute was enacted for the benefit of a special class of which the plaintiff is a member; (2) whether there is any indication of legislative intent to create or deny such a remedy; (3) whether it is consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff; and (4) whether the cause of action is basically of concern to the states and traditionally relegated to state law.

Applying these standards to the present case, we conclude that 8 U.S.C. § 1252(i) imposes a duty on the Attorney General, rather than vesting a right in criminal aliens. *See Universities Research Ass'n v. Coutu,* 450 U.S. 754, 772, 101 S.Ct. 1451, 1462, 67 L.Ed.2d 662 (1981) (there is "far less reason to infer a private remedy in favor of individual persons where Congress, * * * has framed the statute simply as a general prohibition or command to a federal agency" (quoting *Cannon v. University of Chicago,* 441 U.S. 677, 690–91, 99 S.Ct. 1946, 1954–55, 60 L.Ed.2d 560 (1979))).

The legislative history is silent concerning any Congressional intent to create a cause of action enabling incarcerated aliens to compel the Attorney General to expedite

---

2. 8 U.S.C. § 1252(a) & (i) provide in part:
  (a) Pending a determination of deportability in the case of any alien as provided in subsection (b) of this section, such alien may, upon warrant of the Attorney General, be arrested and taken into custody. * * * Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability upon a conclusive show-

ing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability.
  (i) In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction.

their deportation proceedings, and "implying a private right on the basis of congressional silence is * * * hazardous * * * at best." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486, 61 L.Ed.2d 82 (1979). Moreover, the legislative history of the statute indicates that one of Congress's main purposes in enacting this section was to address the issue of prison overcrowding. *See, e.g.,* 132 Cong. Rec. S16908 (daily ed. Oct. 17, 1986) (remarks of Sen. Simpson). It would be inconsistent with this purpose to imply a private cause of action in favor of incarcerated aliens to compel an immediate deportation hearing.

Accordingly, we hold that Gonzalez has no private cause of action under 8 U.S.C. § 1252(i), and mandamus is therefore not available. *See CETA Workers' Org. Comm. v. City of New York,* 617 F.2d 926, 936 (2d Cir.1980). The order of the district court is affirmed.