**Constantino Ocampa AGUIRRE, Plaintiff–Appellant,**

v.

**Edwin MEESE, Attorney General, and John Doe, Special Agent, in their individual and official capacities, Defendants–Appellees.**

**No. 90–1625.**

United States Court of Appeals, Seventh Circuit.

Submitted April 15, 1991.

Decided May 3, 1991.

Constantino O. Aguirre, pro se.

James G. Hoofnagle, Jr., Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, POSNER and KANNE, Circuit Judges.

PER CURIAM.

On July 20, 1990, by unpublished order, we affirmed the district court's denial of Mr. Aguirre's petition for mandamus, by which he sought to compel the Attorney General of the United States to conduct an expeditious deportation hearing in accordance with 8 U.S.C. § 1252(i), a statute that was enacted in 1986 and that provides that "in the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." The Attorney General has requested that we publish our order in order to establish circuit-wide precedent that section 1252(i) does not create a private right of action. (Our unpublished orders are not citable as precedents. 7th Cir.R. 53(b)(2)(iv).) There is no need to publish the entire order. All we need do is make clear our agreement with *Gonzalez v. INS*, 867 F.2d 1108 (8th Cir.1989), which holds on grounds we find persuasive that section 1252(i) indeed creates no private right of action.

AFFIRMED.