936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Angel MACIAS, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, and Ray B. Pachciarz,
Defendants-Appellees.
 No. 90-3304.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 25, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Angel Macias, a Mexican citizen, is serving a ten-year term of imprisonment at the Westville Correctional Center in Westville, Indiana following his conviction for dealing in cocaine, in violation of Indiana Code Sec. 35-48-4-1(a)(2). He brought this petition for a writ of mandamus to compel the defendants, the Immigration and Naturalization Service (INS) and a special agent from its Indianapolis office, to begin deportation proceedings expeditiously and to hold a prompt deportation hearing, and to compel an immigration judge to review the INS detainer lodged against him. The district court denied Macias's petition, and we affirm.
 
 
 2
 Macias contends that 8 U.S.C. Secs. 1252a(d) and (i) allow him to sue the Attorney General to compel his deportation, but these provisions create no private right of action, so mandamus does not lie. See Aguirre v. Meese, No. 90-1625, slip op. at 2 (7th Cir. May 3, 1991) (per curiam); Gonzalez v. INS, 867 F.2d 1108, 1109-10 (8th Cir.1989).
 
 
 3
 Macias also seeks a hearing before an immigration judge to review the INS detainer lodged against him. Practical realities dictate, however, that such a hearing await the expiration of his prison term when he is released from state custody and the INS can exert control over him. Cf. Moody v. Daggett, 429 U.S. 274, 279-80 (1976).
 
 
 4
 The judgment of the district court is accordingly AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record