**Jose ALVARO–GALLO, Petitioner,**

v.

**UNITED STATES of America, et al., Respondents.**

**No. CIV–91–1970–T.**

United States District Court, W.D. Oklahoma.

Feb. 17, 1993.

M. Kent Anderson, U.S. Atty.'s Office, Oklahoma City, OK, for respondents.

Jose Alvaro-Gallo, pro se.

### ORDER

RALPH G. THOMPSON, Chief Judge.

#### I. INTRODUCTION

At issue is petitioner Jose Alvaro–Gallo's objection to Magistrate Judge Argo's Report and Recommendation of June 30, 1992. Respondent United States responded in opposition.

#### II. STANDARD OF REVIEW

Local Rule 39(B)(3) authorizes Magistrate Judges to conduct hearings, including evidentiary hearings, and to submit proposed findings of fact and recommendations to the court regarding dispositive matters. W.D.Okla.R. 39(B)(3); *see* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b) (dispositive motions). These determinations are reviewed by this court by a *de novo* standard of review. *See Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.,* 879 F.2d 809, 810–11 (10th Cir.1989); *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1462 (10th Cir.1988); 28 U.S.C. § 636(b)(1)(C); W.D.Okla.R. 39(D). The Local Rule provides:

A judge shall make a de novo· determination of those portions of the report or specified proposed findings or recommen-

dations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate [Judge]. The judge, however, need conduct a new hearing only in his [or her] discretion or where required by law, and may consider the record developed before the Magistrate [Judge], making his [or her] own determination on the basis of the record. The judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate [Judge] with instructions.

W.D.Okla.R. 39(D); *see* H.R.Rep. No. 94–1609, 94th Cong., 2nd Sess., *reprinted at* (1976) *U.S. Code Cong. & Adm. News* 6162 (the legislative history of Section 636 makes it clear that a *de novo* determination does not necessarily mean a *de novo* hearing).

In a *de novo* review, the reviewing court "should make an independent determination of the issues ...; [it] 'is not to give any special weight to the [prior] determination'...." "The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he [or she] is not satisfied, he [or she] may conduct the review in whole or in part anew."

*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d at 1464 (quoted citations omitted).

While *"de novo"* is typically a standard of review utilized only in a review of fact-finding, the use of that standard in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b) reveals an intent that it be used to review legal determinations as well. Title 28 U.S.C. § 636(b)(1)(B) authorizes magistrate judges to recommend action on dispositive issues to the court. Those recommendations will include matters of law, and the court is to review those recommendations *de novo*. The magistrate judge's recommendations to the court have no presumptive weight and the responsibility of making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 554, 46 L.Ed.2d 483 (1976).

## III. ANALYSIS

■ The court, after reviewing the file and considering the parties' arguments, concludes

that petitioner's request for relief should be denied. Petitioner is a permanent resident from Columbia and was convicted of various drug law violations during 1989 in Texas, which made him subject to deportation. Petitioner seeks a writ of mandamus to compel the Immigration and Naturalization Service to promptly conduct his deportation hearing rather than waiting until after the completion of his incarceration. Respondents filed a motion to dismiss or alternatively for summary judgment and petitioner was given notice of his obligation to respond by Order of January 17, 1992. Despite notice, petitioner totally failed to respond to the motion or request an extension of time. Petitioner's objection to the Magistrate Judge's Report and Recommendation fails to even address this issue, which is an independent ground for denying the relief requested.

As to the merits, the court finds that petitioner is serving a 188 month sentence received in July 1989. Therefore, the Attorney General has ample time—over 11 years—to initiate and complete the deportation proceedings prior to petitioner's release. The Magistrate Judge has recommended denial of relief on the merits based on authorities from the sixth, seventh, eighth, and eleventh circuits. *See Aguirre v. Meese*, 930 F.2d 1292, 1293 (7th Cir.1991) (per curiam); *Prieto v. Gluch*, 913 F.2d 1159, 1165–66 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991); *Orozco v. United States INS*, 911 F.2d 539, 541 (11th Cir.1990) (per curiam); *Gonzalez v. United States INS*, 867 F.2d 1108, 1109–10 (8th Cir.1989). These authorities hold that 8 U.S.C. § 1252(i) (providing for deportation hearings as expeditiously as possible after conviction) does not create a private cause of action for an alien prisoner, enforceable through a mandamus petition. The Tenth Circuit has not addressed this issue, but this court believes that it would follow the majority view. The court finds that the Attorney General has implemented a plan to use the available resources in the most efficient manner to effectuate the purposes of the statute. The Department of Justice has approximately 93 immigration judges stationed at 24 locations. The limited resources of the Department are targeted at states most burdened with alien

incarcerates. It is not simply not feasible for aliens to be provided immediate hearings.

Petitioner would have this court follow the Ninth Circuit, which comprised the minority view on this issue. However, the Supreme Court was not impressed with that view and neither is this court. *See Soler v. Scott*, 942 F.2d 597 (9th Cir.1991), *judgment vacated sub nom. Sivley v. Soler*, —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992). Further, this court does not believe that petitioner is in custody for purposes of habeas relief for the reasons thoughtfully stated by the Magistrate Judge.

## IV.  CONCLUSION

Accordingly, Magistrate Judge Argo's Report and Recommendation of June 30, 1992 is adopted and petitioner's petition for mandamus is DENIED and DISMISSED.

IT IS SO ORDERED.