USCA1 Opinion

 

 May 20, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1913 JUAN CAMILO-MONTOYA, Petitioner, v. UNITED STATES OF AMERICA, Respondent. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Juan Camilo Montoya, on brief for appellant. ___________________ Edwin J. Gale, United States Attorney, and James H. Leavey, _____________ _______________ Assistant United States Attorney, on brief for appellee. __________________ __________________ Per Curiam. In 1986, appellant Juan Camilo ___________ Montoya, a Colombian native, was convicted of federal drug offenses after being tried in absentia. His sentence __ ________ included a 22 year prison term. He has served approximately 7 years of this term. In 1993, Camilo Montoya filed a petition for mandamus and supporting memorandum with the United States District Court for the District of Rhode Island. He alleged that since 1988, he has been subject to an Immigration and Naturalization Service (INS) "detainer" which notified him that he is subject to deportation as a result of the aforementioned conviction. Camilo Montoya claimed that he had written to the Attorney General and requested a prompt deportation hearing but that he had received no response.1 He sought mandamus to compel the ____________________ 1. We note that although Camilo Montoya's memorandum in support of his petition for mandamus refers to a "detainer," the INS document attached to it is actually a form Order to Show Cause. That Order indicates that it was served on Camilo Montoya on 10/4/88 and that the time, date, and place of his deportation hearing would be set. The Order to Show Cause also indicates that Camilo Montoya did not request a prompt deportation hearing until 3/7/92. We cannot tell whether this Order to Show Cause was filed with the Office of the Immigration Judge, thereby formally commencing deportation proceedings under 8 C.F.R. 242.1(a)("Every proceeding to determine the deportability of an alien ... is commenced by the filing of an Order to Show Cause with the Office of the Immigration Judge, ..."). In any event, Camilo Montoya's appellate brief states that he received another Order to Show Cause which indicated that his deportation hearing would take place within fourteen days, but that he did not hear anything further despite multiple letters to the INS and the Attorney General requesting an expeditious deportation hearing. -3- 3 government to grant him an immediate deportation hearing in accordance with 8 U.S.C. 1252(i), which provides that, "[i]n the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of conviction." In support of his claim, Camilo Montoya relied on Soler v. Scott, 942 F.2d 597 _____ _____ (9th Cir. 1991), vacated as moot sub. nom. Sivley v. Soler, _______ __ ____ ___ ___ ______ _____ 113 S. Ct. 454 (1992), and Abreu v. United States, 797 F. _____ ______________ Supp. 50 (D.R.I. 1992)(holding that incarcerated aliens' petitions for mandamus to compel INS to hold deportation hearings stated a cause of action under the Mandamus and Venue Act (MVA), 28 U.S.C. 1361, and the Administrative Procedure Act (APA), 5 U.S.C. 702-06).2 ____________________ 2. 28 U.S.C. 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the ___________________ plaintiff. (emphasis supplied). The APA, 5 U.S.C. 702, _________ provides that, "[a] person ... adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review thereof[,]" while 5 U.S.C. 706, creates a right of judicial review of agency action unlawfully withheld or unreasonably delayed. See ___ Soler, 942 F.2d at 603. However, there is no right to _____ judicial review if it is precluded by statute or the agency action has been committed to agency discretion by law. See ___ Heckler v. Chaney, 470 U.S. 821, 828 (1985)(citing 5 U.S.C. _______ ______ 701(a)(1) and (2)). And, judicial review is limited to "final agency action for which there is no other adequate judicial remedy in a court" under 5 U.S.C. 704. See Soler, ___ _____ 942 F.2d at 603. -4- 4 The district court denied the petition for mandamus based on cases from numerous circuits which hold that 8 U.S.C. 1252(i) does not give criminal aliens a private right of action to compel the INS either to commence deportation proceedings or hold deportation hearings. The leading case is Gonzalez v. United States I.N.S., 867 F.2d 1108, 1109-10 ________ ____________________ (8th Cir. 1989).3 Cases which adopt this approach include Aguirre v. Meese, 930 F.2d 1292, 1293 (7th Cir. 1991)(per _______ _____ curiam); Prieto v. Gluch, 913 F.2d 1159, 1165-66 (6th Cir. ______ _____ 1990), cert. denied, 498 U.S. 1092 (1991), and Orozco v. _____ ______ ______ United States I.N.S., 911 F.2d 539, 541 (11th Cir. 1990)(per _____________________ curiam). See also Alvaro-Gallo v. United States, 814 F. ___ ____ ____________ ______________ Supp. 1019, 1020 (W.D. Okla. 1993); Limas v. McNary, 799 F. _____ ______ Supp. 1259, 1263 (D. Mass. 1992); Medina v. United States, ______ _____________ 785 F. Supp. 512, 514 (E.D. Pa. 1992); Cabezas v. Scott, 717 _______ _____ ____________________ 3. Gonzalez so concluded after analyzing the statute's ________ language and legislative history under Cort v. Ash, 422 U.S. ____ ___ 66 (1975), which sets out a four-part test for determining whether a private right of action should be implied in a federal statute. After examining each of these factors and noting that the legislative history was silent on the issue of whether Congress intended that aliens have the right to enforce 1252(i), the Eighth Circuit concluded that Congress enacted 1252(i) primarily to alleviate prison overcrowding and that "it would be inconsistent with this purpose to imply a private cause of action in favor of incarcerated aliens to compel an immediate deportation hearing." See 867 F.2d at ___ 1109-10. However, Soler expressly rejected the Gonzalez _____ ________ approach. See 942 F.2d at 604-05 ("a petitioner who has ___ alleged a cause of action under the APA or the Mandamus Act need not rely upon an implied private right of action under any other statute"). -5- 5 F. Supp. 696, 697 (D. Ariz. 1989).4 Another case which denied mandamus relief on similar grounds is Giddings v. ________ Chandler, 979 F.2d 1104, 1109-10 (5th Cir. 1992).5 Camilo ________ Montoya filed a timely appeal. On appeal, Camilo Montoya contends that his case is "on all fours" with Soler v. Scott, supra, and asks us to adopt _____ _____ _____ the analysis in Soler as a matter of first impression.6 He _____ ____________________ 4. But see Iheme v. Reno, 819 F. Supp. 1192, 1194 & n.1 ___ ___ _____ ____ (E.D. Pa. 1993)(criticizing foregoing cases on ground that the view that 1252(i) "is simply precatory ... and ... not subject to judicial enforcement ... has eliminated any incentive the ... [INS] had to comply with the congressional mandate"). 5. In Giddings v. Chandler, 979 F.2d at 1107, n. 22, the ________ ________ Fifth Circuit declined to reach the issue of whether a private right of action under 8 U.S.C. 1252(i) was required for mandamus relief. Instead, that court concluded that Giddings lacked standing to maintain his action to compel the government to commence deportation proceedings under both the MVA and the APA because he did not fall within the "zone of interests" protected by 8 U.S.C. 1252(i). See 979 F.2d at ___ 1108-10. Relying on Gonzalez, Giddings also concluded that 8 ________ ________ U.S.C. 1252(i) imposed a duty on the Attorney General to deport criminal aliens but "stop[ped] short of concluding that this creates a duty owed to the alien[]" sufficient to _________________ enable the alien to maintain an action for mandamus under 28 U.S.C. 1361. Id. at 1110. ___ 6. We note that though Soler was vacated, the Ninth Circuit _____ subsequently indicated that its rationale remained sound. See ___ Silveyra v. Moschorak, 989 F.2d 1012, 1024 n.2 (9th Cir. ________ _________ 1993) (per curiam). However, Silveyra appears to limit Soler ________ _____ to its facts, for it stresses that Soler's petition for mandamus alleged that the INS had a policy of delaying ______ incarcerated aliens' deportation hearings until after their criminal sentences had expired, in direct contravention of 1252(i)'s requirement that the government use the date of conviction, not the date of release, as the benchmark from which to commence deportation proceedings. As Silveyra did not make similar allegations, the Ninth Circuit held that his complaint to compel an immediate deportation hearing was -6- 6 also seems to be arguing that while an alien cannot reasonably expect to be deported after serving only a little time in jail, he is entitled to be deported now because he has served over 90 months and still has not received a deportation hearing under 8 U.S.C. 1252(i).7 Camilo Montoya also says that another law requires the Bureau of Prisons to house deportable aliens in a facility separate from the other inmates, and that the government's failure to perform this duty has endangered his life and liberty. He asks us to issue an order instructing the government to house him in a facility designed to hold aliens awaiting deportation and to issue a writ of mandamus to compel the government to, in effect, complete the deportation proceedings against him.8 Relying largely on Gonzalez and its progeny, the ________ government contends that 8 U.S.C. 1252(i) does not give alien prisoners the right to compel the government to schedule deportation hearings and that the district court properly dismissed Camilo Montoya's petition for mandamus in accordance with all of the circuits which have ruled on this ____________________ properly dismissed for failure to state a claim under the MVA and the APA. See 989 F.2d at 1015. ___ 7. In support of this contention, Camilo Montoya observes that all of his codefendants were deported long ago. 8. Camilo Montoya did not challenge the place of his confinement below. The issue, apart from appearing specious, is not properly before us. -7- 7 issue. The government further argues that Soler is wrong, _____ and urges us to adopt the majority view. We find it unnecessary to resolve this issue for it is clear that Camilo Montoya's petition for mandamus failed to state a viable claim. Mandamus is an extraordinary remedy that is only available upon a showing that the plaintiff has exhausted all other avenues of relief and that the defendant owes the plaintiff a clear, nondiscretionary duty. See, e.g., Heckler ___ ____ _______ v. Ringer, 466 U.S. 602, 616 (1984); Georges v. Quinn, 853 ______ _______ _____ F.2d 994, 995 (1st Cir. 1988)(per curiam). Even if we assume, without deciding, that under 8 U.S.C. 1252(i) the Attorney General owes Camilo Montoya a duty to "begin deportation proceedings as expeditiously as possible after the date of conviction," and that Camilo Montoya has a private cause of action to enforce this statute, Camilo Montoya is not entitled to relief, for his filings do not suggest that the government has violated this duty in this case. Camilo Montoya alleges only that he has served about 90 months of a 22-year sentence, that he has been subject to an INS "detainer" since 1988, that he received at least one, and possibly two, Orders to Show Cause (one notifying him that he was required to appear for a deportation hearing that was to be set, the other setting a deportation hearing which did not materialize for unknown reasons), and that he has repeatedly -8- 8 requested, but not yet received, a deportation hearing. These allegations do not suggest that the INS has failed to begin deportation proceedings "as expeditiously as possible" after Camilo Montoya's conviction. To the contrary, if at least one of the Orders to Show Cause was filed with the Office of the Immigration Judge, then the INS has commenced deportation proceedings. And even if neither order was so filed, it nonetheless appears that the INS is prepared to do so. The INS's failure to hold the deportation hearing at this point in time is not sufficient to make out a violation of 8 U.S.C. 1252(i) on this record. Contrary to Camilo Montoya's contention that he is entitled to be deported now because he has served approximately 90 months of his 22-year term and his codefendants have been deported, the Immigration Act prohibits his deportation until he completes his prison sentence. See 8 U.S.C. 1252(h)("An alien sentenced to ___ imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement."). According to his own estimate, Camilo Montoya has at least four more years to serve before he can be deported. This is ample time for the government to complete deportation proceedings. At a minimum, then, mandamus is premature. -9- 9 In view of the foregoing, we decline to reach the other issues raised by the parties' briefs. The judgment of the district court is affirmed. ________ -10- 10