**Luis Alfonso GIRALDO, Plaintiff,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Defendants.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 22, 1994.

Luis Alfonso Giraldo, pro se.

## MEMORANDUM OPINION

ELLIS, District Judge.

This matter is before the Court on a Motion for Writ of Mandamus pursuant to 28

---

U.S.C. § 1361. Plaintiff, an illegal alien, was convicted of drug trafficking charges in the United States District Court for the Eastern District of New York. He was sentenced to a term of imprisonment, which he is currently serving at the Federal Correctional Institution in Petersburg, Virginia. He seeks a writ of mandamus to compel the Immigration and Naturalization Service (INS) to begin deportation proceedings immediately pursuant to Title 8 U.S.C. § 1252(i). For the reasons that follow, plaintiff's motion must be denied and his action dismissed.

## I.

Section 2252(i) states that "in the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General should begin any deportation proceeding as expeditiously as possible after the date of conviction." Plaintiff claims this language grants him the right to compel the INS to begin his deportation proceedings immediately upon his conviction.[1]

Whether § 1252(i) grants plaintiff a private right of action is unresolved in this circuit. Other circuits, however, have addressed and decided the issue. With the exception of a vacated Ninth Circuit panel opinion, the other circuits unanimously hold that § 1252(i) does not grant incarcerated aliens an implied private cause of action.[2] *See Gonzalez v. U.S. I.N.S.*, 867 F.2d 1108 (8th Cir.1989) (holding that § 1252(i) does not imply a private cause of action for incarcerated aliens); *Prieto v. Gluch*, 913 F.2d 1159 (6th Cir.1990), *cert. denied*, 498 U.S. 1092, 111 S.Ct. 976, 112 L.Ed.2d 1061 (1991)

(same); *Aguirre v. Meese*, 930 F.2d 1292 (7th Cir.1991) (same); *Orozco v. U.S. I.N.S.*, 911 F.2d 539, 541 (11th Cir.1990) (same); *Giddings v. Chandler*, 979 F.2d 1104, 1110 (5th Cir.1992) (holding that alien does not fall within the "zone of interests" of § 1252(i), thus he has no standing to invoke the Mandamus Act).

## II.

Section 1252(i) does not expressly grant incarcerated aliens the private right of action to enforce its mandate. If such a right of action exists, therefore, it must be implied. To determine whether courts should imply a private cause of action, the Supreme Court has fashioned a four factor test. *See Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975). Specifically, courts should not imply a cause of action unless: (i) the plaintiff is a member of the special class for whom the statute was enacted; (ii) Congress intended the statute to create a private cause of action; (iii) it is consistent with the purposes of the statute and (iv) the subject matter is not generally relegated to state law. *Id.* These factors, applied here, point persuasively to the conclusion that § 2252(i) cannot be privately enforced by incarcerated aliens.

First, incarcerated aliens are not members of the class for whose benefit the statute was enacted. Congress enacted § 1252(i) to ease the financial burden and overcrowding problems that local governments face when they must house aliens, pending completion of deportation proceedings. *See Gonzalez*, 867

---

1. This case concerns only the timing of plaintiff's deportation hearing, not the timing of his deportation should that occur. Plaintiff cannot be deported until he has served his term of imprisonment. *See* 8 U.S.C. § 1252(h).

2. One Ninth Circuit panel held that, where the INS has a policy of delaying deportation hearings, a plaintiff may enforce § 1252(i) by a writ of mandamus. *Soler v. Scott*, 942 F.2d 597 (9th Cir.1991), *vacated as moot*, —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992). *See also Silveyra v. Moschorak*, 989 F.2d 1012, 1014–15 (9th Cir.1993) (explaining *Soler* and holding that plaintiff there had not shown an INS policy of delay). The *Soler* court reasoned that, an INS policy of delaying deportation hearings would exceed the limits of discretion granted to that

agency by Congress. Thus, mandamus was an appropriate remedy to force the INS to comply with a congressional mandate. *Silveyra*, 989 F.2d at 1014–15. A subsequent Ninth Circuit panel disagreed, and consistent with the other circuits held, as here, that "[n]either the legislative history nor the language of the statute suggests that Congress intended to create a private right of action for aliens under this statute." *Urbina–Mauricio v. I.N.S.*, 989 F.2d 1085, 1088 (9th Cir.1993).

The existence or non-existence of a policy of delaying deportation hearings does not affect the Court's analysis in this case because the Court holds that plaintiff cannot privately enforce § 2252(i).

F.2d at 1110; *Prieto,* 913 F.2d at 1165; *Limas v. McNary,* 799 F.Supp. 1259, 1261–62 (D.Mass.1992). The legislation may incidentally benefit an incarcerated alien by resulting in the alien's deportation, and hence his release soon after he completes his sentence. Even so, it is quite clear that whatever incidental benefit § 1252(i) may confer on illegal aliens, Congress did not enact that provision for the welfare of illegal aliens.

Second, the legislative record is devoid of any evidence of congressional intent to create a private cause of action for the illegal alien. *Limas,* 799 F.Supp. at 1262; *Gonzalez,* 867 F.2d at 1109–10. And this is especially significant given that "the Supreme Court [has] cautioned that 'implying a private right of action on the basis of congressional silence is a hazardous enterprise at best.'" *Prieto,* 913 F.2d at 1166 (quoting *Touche Ross & Co. v. Redington,* 442 U.S. 560, 571, 99 S.Ct. 2479, 2486–87, 61 L.Ed.2d 82 (1979)). Moreover, it would be incongruous to grant an illegal alien the right to enforce a statute that was not enacted with his welfare in mind. *Prieto,* 913 F.2d at 1166; *Gonzalez,* 867 F.2d at 1110; *Limas* 799 F.Supp. at 1262.

The third factor, whether an implied right of action is consistent with the statute's purposes, similarly weighs in favor of disallowing a private cause of action. The purposes of § 1252 correspond with the class for whom it was enacted. The statute's "purpose was clearly to expedite deportation as a benefit to state and local governments, not to create new causes of actions through which convicted aliens could seek to compel the timing of deportation proceedings against them." *Limas,* at 1262 (citations omitted).

The final factor, namely whether the statute's subject matter is generally committed to state law, is inconclusive in this context. While the subject of deportation is the exclusive province of the federal government, that fact, in this context, invites no inference concerning the existence or non-existence of a § 1252(i) implied private right of action. *See Prieto,* 913 F.2d at 1166.

---

**3.** Not addressed here is whether § 2252(i), framed as it is in hortatory language, creates a mandatory, nondiscretionary duty enforceable through mandamus. *See Heckler v. Ringer,* 466

In sum, § 2252(i) urges the Attorney General to begin deportation proceedings "as expeditiously as possible", but it does not vest the incarcerated alien with a right to compel a hearing in his case.[3]

Based on the foregoing, the Court will dismiss this case pursuant to Title 28 U.S.C. § 1915(d).

An appropriate order shall issue.

U.S. 602, 616–617, 104 S.Ct. 2013, 2022–2023, 80 L.Ed.2d 622 (1984) (mandamus only available if the defendant owes a clear nondiscretionary duty).