John Jairo GONZALEZ, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 94–2085 (JAF).

United States District Court,
D. Puerto Rico.

April 11, 1995.

John Jairo Gonzalez, San Juan, PR, petitioner pro se.

No appearance required for respondent.

### OPINION AND ORDER

FUSTE, District Judge.

Petitioner, a citizen of Colombia whose term of incarceration in federal prison ends in mid-April 1995, requests a writ of mandamus directing the Immigration and Naturalization Service (INS) to commence deportation proceedings. After reviewing the petition, applicable statutory authority, and related federal jurisprudence, we dismiss petitioner's motion.

## I.

### Background

Petitioner requests a writ of mandamus to compel the INS to comply with Section 1252(i) of the Immigration and Naturalization Act, 8 U.S.C. § 1252(i) (1988). As originally adopted in 1986, Section 1252(i) provided in its entirety that,

> In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible.

8 U.S.C. § 1252(i) (1988). Petitioner contends that, in waiting until the final months of his term of incarceration, the Attorney General has failed to expeditiously initiate deportation proceedings as required by Section 1252(i). Accepting petitioner's factual claims as true, we consider whether petitioner's claim may be dismissed under Fed. R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

## II.

### Analysis

In *González v. United States I.N.S.*, 867 F.2d 1108, 1109–10 (8th Cir.1989), the Court of Appeals for the Eighth Circuit held that Section 1252(i) does not create in federal prisoners a private right of action to compel the commencement of deportation proceedings. The *González* court reasoned that, consistent with *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), such a right of action could be implied only if Congress intended that federally incarcerated aliens should have a right to enforce Section 1252(i). Finding the legislative history to reflect only a concern with prison overcrowding, the court concluded that Congress had

---

1. We note that in reaching our decision, we have not relied on materials outside of the pleadings.

no intent to benefit federally incarcerated aliens with a private right of enforcement. *González*, 867 F.2d at 1109–10.

In *Soler v. Scott*, 942 F.2d 597 (9th Cir. 1991), the Court of Appeals for the Ninth Circuit rejected the *González* approach, concluding that, "a petitioner who has alleged a cause of action under the APA or the Mandamus Act need not rely upon an implied private right of action under any other statute." *Id.* at 604–05.[2] Relying on language from *Japan Whaling Ass'n v. American Cetacean Soc.*, 478 U.S. 221, 231 n. 4, 106 S.Ct. 2860, 2867 n. 4, 92 L.Ed.2d 166 (1986), the Court reasoned that agency action unlawfully withheld is subject to judicial review "absent some clear and convincing evidence of legislative intention to preclude review."

Since *González* and *Soler*, many courts have considered the issue now before us. Most such courts have adopted the reasoning of *González*, concluding in each instance that no implied right of action exists under Section 1252(i). *See Aguirre v. Meese*, 930 F.2d 1292 (7th Cir.1991); *Prieto v. Gluch*, 913 F.2d 1159 (6th Cir.1990); *Orozco v. United States INS*, 911 F.2d 539 (11th Cir.1990). *See also Alvaro–Gallo v. United States I.N.S.*, 814 F.Supp. 1019, 1020 (W.D.Okla. 1993); *Medina v. United States*, 785 F.Supp. 512, 514 (E.D.Pa.1992); *Cabezas v. Scott*, 717 F.Supp. 696, 697 (D.Ariz.1989). Other courts have adopted the *Soler* reasoning. *See Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir.1992). *See also Abreu v. United States*, 796 F.Supp. 50 (D.R.I.1992). Still another court has reasoned that, though an action may lie under the Mandamus Venue Act of 1962, 28 U.S.C. § 1361 (1988), or the Administrative Procedure Act, 5 U.S.C. §§ 701–706 (1988), without an express or implied right of action under the organic act, petitioners like that now before the court lack standing to file suit because their interests in expedited deportation proceedings do not fall within the "zone of interests" statutorily protected. *Giddings v. Chandler*, 979 F.2d 1104 (5th Cir.1992).

Unfortunately, neither the Supreme Court nor the Court of Appeals for the First Circuit, have addressed the issue now before the Court.[3] We note, however, that district courts within the First Circuit have addressed this issue on two occasions, each time with differing outcome. In *Abreu*, the court adopted, in essence, the reasoning of *Soler* to grant the petitioner's motion; while in *Limas v. McNary*, 799 F.Supp. 1259 (D.Mass.1992), the court employed the reasoning of *González* to reach the conclusion that there exists no private right to action by which to grant the requested writ of mandamus.

By virtue of recent guidance from Congress, however, we now find ourselves capable of reconciling the conflict between the reasoning of *González* and *Soler*. In late 1994, Congress amended Section 1252(i), Pub.L. 103–416, to add a sentence stating that,

> Nothing in [Section 1252(i)] shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.

We interpret this language to constitute both a clear indication that there exists no private right of action under Section 1252(i) and "a clear indication of legislative intent to preclude legislative review;" accordingly, we deem petitioner to have failed, under either *González* or *Soler*, to state a claim upon which relief may be granted.

### III.

### *Conclusion*

Petitioner's motion for a writ of mandamus is **DISMISSED.**

**IT IS SO ORDERED.**

---

2. In vacating *Soler* for mootness, the Supreme Court did not address the reasoning by which the court of appeals reached its decision. *Sivley v. Soler*, —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992).

3. In an unpublished related disposition, *Camilo–Montoya v. United States*, 23 F.3d 394, (1st Cir. 1994), the First Circuit recently addressed a similar claim without resolving the issue now before the court. *See*, however, R. 36.2(b)(6), Local Rules, First Circuit (1988).