78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roberto M. CERVANTES, Petitioner-Appellant,
v.
A.D. MOYER, District Director of the Immigration and
Naturalization Service, R.E. Holt, Warden,
Respondents-Appellees.
 No. 95-1826.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 29, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In 1992, appellant Roberto Cervantes, a citizen of Mexico who entered the United States as a permanent resident in 1961, was convicted of federal cocaine trafficking charges and sentenced to 57 months' imprisonment. In early 1995, while facing the possibility of deportation as a result of his conviction, Cervantes wrote to the Immigration and Naturalization Service ("INS") requesting that the INS commence deportation proceedings against him.
 
 
 2
 When the INS did not initiate any such proceedings, Cervantes filed in the district court on March 25, 1995 a pro se "Motion to Compel" the Attorney General through the INS to hold an immediate deportation proceeding. In that motion, he alleged that he was scheduled to be released from custody in October 1995, and that while his crime subjected him to the possibility of deportation, the Attorney General had not taken any steps to begin and complete the required administrative deportation process within the time prescribed by Congress. Cervantes sought an order to compel the INS to grant him an immediate deportation hearing in accordance with 8 U.S.C. § 1252(i), which provides that, "[i]n the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of conviction."
 
 
 3
 On March 28, 1995, the district court entered an order sua sponte, in which it construed Cervantes' motion to compel as a complaint; denied Cervantes leave to file in forma pauperis; and dismissed the motion and the case as frivolous under 28 U.S.C. § 1915(d). Cervantes appealed.
 
 
 4
 Aguirre v. Meese, 930 F.2d 1292 (7th Cir.1991) (per curiam), controls this case. In that decision, we--like numerous other courts of appeals--expressly held that § 1252(i) creates no private cause of action for convicted aliens like Cervantes. Accord, Campos v. INS, 62 F.3d 311, 314 & n. 3 (9th Cir.1995); Hernandez-Avalos v. INS, 50 F.3d 842, 844 & n. 4 (10th Cir.), cert. denied, 116 S.Ct. 92 (1995); Prieto v. Gluch, 913 F.2d 1159, 1166 (6th Cir.1990), cert. denied, 498 U.S. 1092 (1991); Orozco v. INS, 911 F.2d 539, 541 (11th Cir.1990); Gonzales v. INS, 867 F.2d 1108, 1109-10 (8th Cir.1989). Indeed, Aguirre was published expressly "to establish circuit-wide precedent that section 1252(i) does not create a private right of action." Aguirre, 930 F.2d at 1293.[1] Furthermore, in 1994, Congress enacted legislation "to clarify for our benefit that section 1252(i) does not create an obligation on the part of the government toward individual incarcerated aliens and that such aliens lack standing to sue for any relief under section 1252 because they are outside the 'zone of interests' of the statute." Campos, 62 F.3d at 314 (construing Immigration Nationality Technical Corrections Act of 1994, Pub.L. No. 103-416, § 225); Hernandez-Avalos, 50 F.3d at 844 & n. 4 (same). This action is legally "frivolous," as that term is defined in Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); see also Billman v. Indiana Dep't of Corrections, 56 F.3d 785, 787 (7th Cir.1995) ("suit is so hopeless that the plaintiff should be prevented from trying to save it by amending the complaint").
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the record
 
 
 [1]
 Cervantes asserts on appeal that he "relies entirely" upon the decision of the Ninth Circuit in Soler v. Scott, 942 F.2d 597, 604-05 (9th Cir.1991), in which the court ruled that mandamus was appropriate and held that "a petitioner who has alleged a cause of action under the [Administrative Procedure Act] or the Mandamus Act need not rely upon an implied right of action under any other statute." However, besides not being controlling authority in this circuit, Soler is also not reliable authority; after the Supreme Court granted certiorari in that case, petitioner's claim was rendered moot by his release from prison, and the Supreme Court vacated the case with instructions to dismiss. Sivley v. Soler, 506 U.S. 969 (1992)