**Victor J. LUGO, Plaintiff,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Defendant.**

**Civil Action No. 2:97cv42.**

United States District Court, E.D. Virginia, Norfolk Division.

Jan. 22, 1997.

---

Victor J. Lugo, Petersburg, VA, pro se.

## OPINION AND DISMISSAL ORDER

REBECCA BEACH SMITH, District Judge.

This matter is before the court on plaintiff's Motion for a Writ of Mandamus pursuant to 28 U.S.C. § 1361. Plaintiff, an incarcerated illegal alien, was convicted and sentenced in the United States District Court for the Southern District of Florida for importing cocaine into the United States in violation of 21 U.S.C. § 952(a). Plaintiff is currently serving his sentence at the Federal Correctional Institution in Petersburg, Virginia. He wants the court to issue a writ of mandamus to compel the Immigration and Naturalization Service (INS) to initiate deportation proceedings immediately pursuant to 8 U.S.C. § 1252(i).[1] For the reasons set forth below, the court denies plaintiff's motion.

■ Pursuant to 28 U.S.C. § 1915A, the court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).[2] The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks

---

**1.** In his Motion for a Writ of Mandamus, plaintiff actually asks the court to issue a writ of mandamus pursuant to "Title 8 USC § 1252(1) and § 701 of the Immigration and Control Act." After reviewing his motion, it is clear that he is seeking relief under 8 U.S.C. § 1252(i) instead of 8 U.S.C. § 1252(1), as there is no subsection (1) in the statute and the language he quotes is that of § 1252(i). It is unclear which statute plaintiff is referring to when he cites "§ 701." If he is citing 8 U.S.C. § 701, the court notes that this statute related to jurisdiction to naturalize was repealed on June 27, 1952, and replaced by 8 U.S.C. § 1421.

**2.** § 1915A. Screening

(a) Screening.—The court shall review before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.—As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Based upon careful consideration of the plaintiff's motion, the court finds that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1), because the motion fails to state a claim upon which relief can be granted.

 In enacting § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In reviewing plaintiff's motion pursuant to the mandated screening process, therefore, the court applies the same standard. Under that standard, the facts alleged in a *pro se* complaint must be taken as true. *Loe v. Armistead,* 582 F.2d 1291, 1292 (4th Cir.1978), *cert. denied,* 446 U.S. 928, 100 S.Ct. 1865, 64 L.Ed.2d 281 (1980). A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam). A *pro se* complaint involving civil rights issues should be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Dismissal may be appropriate where the complaint contains a detailed description of underlying facts which fail to state a viable claim. *Estelle v. Gamble,* 429 U.S. 97, 106–09, 97 S.Ct. 285, 292–93, 50 L.Ed.2d 251 (1976). However, where the complaint is broad, dismissal for failure to state a claim is improper. *Bolding v. Holshouser,* 575 F.2d 461 (4th Cir.), *cert. denied,* 439 U.S. 837, 99

S.Ct. 121, 58 L.Ed.2d 133 (1978). Finally, where a *pro se* complaint contains a potentially cognizable claim, plaintiff should be allowed to particularize the claim. *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965).

Originally, 8 U.S.C. § 1252(i) provided in its entirety that:

> In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction.

Plaintiff contends that the Attorney General violated § 1252(i) by failing to expeditiously initiate deportation proceedings after his conviction in 1994. In effect, he claims that § 1252(i) grants him a private right of action to compel the INS to begin his deportation proceedings immediately.

Congress recently added the following language to the end of § 1252(i):

> Nothing in this subsection shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.[3]

Since Congress has clearly stated that § 1252(i) does not create a private right of action, plaintiff has failed to state a claim under which relief can be granted.[4] Accordingly, the court DENIES plaintiff's Motion for a Writ of Mandamus and DISMISSES this case under 28 U.S.C. § 1915A(b)(1). The court does not rule on plaintiff's request to proceed *in forma pauperis.*

Plaintiff is advised that Congress recently amended 28 U.S.C. § 1915 by, *inter alia,* adding 28 U.S.C. § 1915(g), which prohibits a prisoner from bringing a civil action or ap-

---

3. In 1996, Congress added this second sentence to 8 U.S.C. § 1252(i) in the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, § 436(b)(1), 110 Stat. 1275 (1996). However, Congress provided that this 1996 amendment to § 1252(i) would take effect as if it were included in the enactment of the Immigration and Nationality Technical Corrections Act of 1994, Pub.L. No. 103–416, § 225, 108 Stat. 4305 (1994).

4. Even before the recent amendment to § 1252(i), this court held that there is no private right of action under § 1252(i). *See Giraldo v. Immigration and Naturalization Service,* 869 F.Supp. 396 (E.D.Va.1994) (Payne, J.) (where an illegal alien convicted of drug trafficking sought a writ of mandamus to compel INS to begin deportation proceedings immediately pursuant to § 1252(i), the court held that § 1252(i) did not vest an incarcerated alien with an express or an implied private right of action to compel a hearing).

pealing a judgment in a civil action under § 1915 if

the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm.

28 U.S.C. § 1915(g). Accordingly, the court CAUTIONS plaintiff that this action was dismissed by the court for failure to state a claim upon which relief can be granted.

Plaintiff is ADVISED that he may appeal from this Opinion and Dismissal Order by forwarding a written notice of appeal and an application to proceed *in forma pauperis* to the Clerk of the United States District Court, United States Courthouse, Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days of the date of this order.

The Clerk is DIRECTED to send a copy of this Opinion and Dismissal Order to plaintiff.

It is so ORDERED.