Jorge **SILVEYRA**, Plaintiff–Appellant,

v.

Robert M. **MOSCHORAK**, District Director of the Immigration & Naturalization Service; Mark Henry, Warden, Defendants–Appellees.

No. 92–55683.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 8, 1993 *.

Memorandum Jan. 28, 1993.

Order and Opinion March 19, 1993.

As Amended April 8, 1993.

---

* The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34–4 and Fed.R.App.P. 34(a).

Jorge Silveyra, pro se.

John B. Bartos, Asst. U.S. Atty., Los Angeles, CA, for defendants-appellees.

Before: BROWNING, POOLE and NOONAN, Circuit Judges.

## ORDER

The request by Defendant–Appellee Moschorak for publication is granted.

The memorandum disposition filed January 28, 1993 is redesignated a per curiam opinion with minor modifications.

## OPINION

PER CURIAM:

Silveyra is a citizen of Mexico and became a permanent resident of the United States in 1974. He was convicted in 1988

of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and is incarcerated in the federal prison at Terminal Island, California.

On February 14, 1991, the Immigration and Naturalization Service (INS) filed an immigration detainer against Silveyra. The detainer stated INS was investigating whether Silveyra was subject to deportation and requested the Bureau of Prisons to notify INS 30 days prior to Silveyra's release. Silveyra asked INS to begin deportation proceedings in 1991, but INS took no action. Silveyra then filed a complaint in district court requesting either that the detainer be removed because he was ineligible for deportation, or that the court order an immediate administrative deportation hearing pursuant to 8 U.S.C. § 1252(i), which provides, "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceedings as expeditiously as possible after the date of conviction."

■ The court dismissed the complaint on the ground Silveyra had failed to allege prejudice. We need not consider whether the district court erred in dismissing the complaint for failure to allege prejudice.

The complaint was properly dismissed because Silveyra failed to allege a claim under either the Mandamus and Venue Act of 1952, 28 U.S.C. § 1361, or the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* [1]

■ Silveyra relies on *Soler v. Scott,* 942 F.2d 597 (9th Cir.1991), *vacated as moot sub nom Sivley v. Soler,* —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992).[2] The plaintiff in *Soler* alleged INS had "[a] policy of delaying prisoner deportation hearings until the expiration of a prisoner's term." *Id.* at 603. Assuming the truth of Soler's allegations, we held the policy violated the requirement of § 1252(i) that in such cases "the Attorney General shall begin any deportation proceedings as expeditiously as possible," and that "[m]andamus is an appropriate remedy to compel compliance with Congress's unequivocal mandate." *Id.*

■ Mandamus is appropriate when an official's duty to act is ministerial in nature and so plain as to be free from doubt. Even where an official's responsibilities are in some respects discretionary, mandamus is appropriate if " 'statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised

1. Before considering the merits of Silveyra's claim, we must consider the threshold question of justiciability—whether Silveyra has standing to seek a writ of mandamus. *See Nevada v. Burford,* 918 F.2d 854, 856 (9th Cir.1990). Silveyra clearly meets the constitutional requirements for standing. He has alleged an injury in fact, illegal incarceration; that injury is fairly traceable to INS's decision not to begin deportation hearings during Silveyra's term of incarceration; and the injury would be redressed by the relief requested, the holding of a deportation hearing. *See Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (discussing constitutional standing requirements); *see also Soler v. Scott,* 942 F.2d 597, 605 (9th Cir.1991), *vacated as moot sub nom. Sivley v. Soler,* —— U.S. ——, 113 S.Ct. 454, 121 L.Ed.2d 364 (1992).

Silveyra also meets the statutory requirements for standing under the Mandamus Act, which

may be invoked "to compel [a federal official] to perform a duty *owed to the plaintiff.*" 28 U.S.C. § 1361 (emphasis added). The Seventh Circuit has concluded a duty is "owed to the plaintiff" if the plaintiff falls within the "zone of interests" protected by the underlying statute. *See Jarecki v. United States,* 590 F.2d 670, 675 (7th Cir.1979). We agree. Although 8 U.S.C. § 1252(i) was apparently enacted for the benefit of taxpayers rather than incarcerated aliens, *see Soler,* 942 F.2d at 600, Silveyra's suit advances the stated Congressional purpose of reducing prison overcrowding caused by INS delay, and thus Silveyra falls within the "zone of interests" protected by § 1252 (i). *See also id.* at 605.

2. *Soler* was vacated as moot by the Supreme Court. The rationale of that case was sound, however, even though its subsequent mooting erases its force as binding precedent. *See Cabuco-Flores v. INS,* 477 F.2d 108, 112 (9th Cir. 1973).

... have been ignored or violated.'" *Carpet, Linoleum and Resilient Tile Layers, Local Union No. 419 v. Brown*, 656 F.2d 564, 566 (10th Cir.1981) (citation omitted); *see also Work v. United States ex rel. Rives*, 267 U.S. 175, 177, 45 S.Ct. 252, 253, 69 L.Ed. 561 (1925) (mandamus is appropriate if an official transgresses the limits of her discretion). In enacting § 1252(i), Congress intended that "deportation proceedings begin when a conviction takes place, the idea being that when the sentence is over, the person would be deported." 132 Cong.Rec. H9794 (Oct. 9, 1986) (statement of Rep. MacKay). A policy of delaying prisoner deportation hearings until the expiration of a prisoner's term would "transgress th[e] limits" of any discretion delegated to INS by Congress, *Work*, 267 U.S. at 177, 45 S.Ct. at 252, and insure that Congress's purpose will not be carried out.

■ Silveyra admits, however, that INS has a policy of conducting deportation hearings for at least some incarcerated aliens before the expiration of their prison terms. Silveyra alleges only that INS breached its discretionary duty to begin proceedings "as expeditiously as possible" by failing to initiate deportation proceedings in his particular case. Mandamus may not be used to instruct an official how to exercise discretion unless that official has ignored or violated "statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised." *Carpet, Linoleum and Resilient Tile Layers*, 656 F.2d at 566. Because Silveyra does not claim either that INS violated applicable standards in his case, or that INS's policy is so inadequate as to be beyond the limits of INS's discretion, Silveyra has no claim under the Mandamus and Venue Act.

Silveyra has no claim under the Administrative Procedure Act because "immigration proceedings ... are not governed by the APA." *Ardestani v. INS*, —— U.S. ——, ——, 112 S.Ct. 515, 518, 116 L.Ed.2d 496 (1991); *see also Castillo–Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir.1992).[3]

Affirmed.

**3.** We need not decide the government's contentions that Silveyra's claims must be dismissed because Silveyra failed to exhaust administrative remedies or join indispensable parties. However, we note that even if an incarcerated alien seeking the initiation of deportation proceedings has a duty to exhaust administrative remedies, we would have to remand in this case for the district court "to determine whether [Silveyra] satisfied the requirement." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991). As for joinder of indispensable parties, dismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed.R.Civ.P. 19(a). *See CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991).