16 F.3d 416
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricio De Leon ORTIZ, Petitioner-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, District Director,
Respondent-Appellee.
 No. 93-1318.
 United States Court of Appeals, Tenth Circuit.
 Feb. 7, 1994.
 
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Patricio de Leon Ortiz appeals the district court's dismissal of his petition for a writ of mandamus. Mr. Ortiz is an inmate at the Federal Corrections Institution in Englewood, Colorado. He is currently serving a prison term imposed after his conviction for possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. 844(a)(1) and (b)(1)(B)(ii). During his incarceration, the Immigrations and Naturalization Service (INS) filed a detainer based on his deportability. The INS then issued an order to show cause and notice of hearing.
 
 
 3
 Mr. Ortiz claims that the INS is not meeting the requirements of 8 U.S.C. 1252(i). This section states that: "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." Mr. Ortiz admits that the INS has issued an order to show cause and notice of hearing, but he argues that the statute requires the INS to conduct the actual deportation as soon as possible. We disagree.
 
 
 4
 Under 8 C.F.R. 242.1, a "proceeding to determine the deportability of an alien in the United States is commenced by the filing of an Order to Show Cause with the Office of the Immigration Judge." Thus, the INS has started the deportation proceeding as required by the statute. The show cause order contains all the elements required by 8 C.F.R. 242.1, including calling "upon [Mr. Ortiz] to appear before an Immigration Judge for a hearing at a time and place which shall be specified by the Office of the Immigration Judge." Id.; see Rec., vol. I, doc. 3 at 8-10. The fact that the Immigration Judge has not set the date and time of the hearing does not give Mr. Ortiz a cause of action under 8 U.S.C. 1252(i).
 
 
 5
 Furthermore, Mr. Ortiz has no claim under the Mandamus Act. Under the statute involved in this case, the INS officials are given some discretion as to when they must begin the deportation process. They are to begin proceedings "as expeditiously as possible." 8 U.S.C. 1252(i). In cases where an official's duty is somewhat discretionary, mandamus is appropriate only if statutory or regulatory standards limiting an official's discretion have been ignored or violated. See Carpet, Linoleum & Resilient Tile, Etc. v. Brown, 656 F.2d 564, 566 (10th Cir.1981). Mr. Ortiz only alleges that the INS breached its discretionary duty to begin proceedings by failing to hold his hearing "as expeditiously as possible." He makes no claim that "the INS violated applicable standards in his case, or that INS's policy is so inadequate as to be beyond the limits of INS's discretion...." Silveyra v. Moschorak, 989 F.2d 1012, 1015 (9th Cir.1993). His claim that "no such hearings are being conducted at the place of confinement of the appellant as a matter of course and policy by the INS" does not give rise to a mandamus action. Aplt. Br. at 2. His deportation hearing is not even scheduled to be held at his place of confinement, but at the location of the Immigration Judge stated in his Order to Show Cause. Rec., vol. I, doc. 3 at 9.
 
 
 6
 The district court's order dismissing this action is therefore AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 22, 1993