37 F.3d 1505
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marcus Steve GALLIANO, Petitioner-Appellant,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, and Clifton E.
Floyd, Warden, Respondents-Appellees.
 No. 92-55897.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1993.*
Submission Withdrawn July 14, 1993.
Resubmitted Aug. 11, 1994.
Decided Oct. 12, 1994.
 
 Before: GIBSON,** HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Marcus Steve Galliano appeals[1] the district court's dismissal of his habeas petition seeking removal of an INS detainer against him or immediate commencement of deportation proceedings pursuant to 8 U.S.C. Sec. 1252(i). Because Galliano did not allege a cognizable claim for mandamus, we affirm.
 
 
 3
 A district court's denial of a petition for habeas corpus is reviewed de novo. Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc), cert. denied, 113 S.Ct. 1818 (1993). Galliano challenges the district court's dismissal of his petition to compel the INS to conduct deportation proceedings immediately or to remove the INS detainer lodged against him. He asserts that he is entitled to relief under the Mandamus and Venue Act of 1952, 28 U.S.C. Sec. 1361, and the Administrative Procedure Act, 5 U.S.C. Sec. 701 et seq.[2]
 
 
 4
 8 U.S.C. Sec. 1252(i) provides: "In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction." In general, under the law of this circuit, mandamus is appropriate to prevent the INS from waiting until after the expiration of an alien's term of imprisonment to conduct its deportation hearings under Sec. 1252(i). See Silveyra v. Moschorak, 989 F.2d 1012, 1014-15 (9th Cir.1993); Soler v. Scott, 942 F.2d 597, 603 (9th Cir.1991), vacated as moot sub nom Sivley v. Soler, 113 S.Ct. 454 (1992). But "[m]andamus may not be used to instruct an official how to exercise discretion unless that official has ignored or violated statutory or regulatory standards delimiting the scope or manner in which such discretion can be exercised." Silveyra, 989 F.2d at 1015 (internal quotation and citation omitted). To state a cognizable claim for mandamus, it is necessary for Galliano to allege "either that INS violated applicable standards in his case, or that INS's policy is so inadequate as to be beyond the limits of INS's discretion." Id.
 
 
 5
 Galliano alleged that the INS would await his release before commencing its hearing, based on something he saw in his prison newspaper. It was not clear whether the brief piece in the prison paper referred to a Bureau of Prisons policy, a policy of his particular institution, or something else. His allegation was therefore distinguishable from the allegation in Soler. In Soler, the plaintiff "alleged 'the INS has a long-standing policy of refusing to begin any deportation proceedings until after release from [Bureau of Prisons] custody,' and 'has no intention' of holding his hearing before that time 'unless compelled to [ ] by this Court.' " 942 F.2d at 600. Galliano has been transferred to a different prison in Texas, so if the policy really existed, but was specific to his previous prison, the case is moot.
 
 
 6
 In its letter brief, the government says it will grant Galliano his INS hearing before the end of his prison term.
 
 
 7
 ... respondent currently is housing petitioner's Afile (the documentation supporting a deportation proceeding) with the INS investigative unit at Oakdale, Louisiana. This step indicates that the INS contemplates the transfer of petitioner to Oakdale at least six months prior to the completion of his criminal sentence and the subsequent holding of a deportation hearing at that site prior to the completion of sentence.
 
 
 8
 We take this to be a representation by the government that it will hold the deportation hearing during the last six months of Galliano's sentence, before he completes it. If he won an injunction pursuant to Soler, he could get no more than that. He therefore cannot obtain mandamus relief to compel that relief.
 
 
 9
 In his letter brief dated August 3, 1994, Galliano asks this court to order the INS to lift a detainer that has been placed on him. The detainer informs the prison that it should inform the INS prior to the prisoner's release, so that he can be detained pending his deportation hearing. United States v. Gonzalez-Mendoza, 985 F.2d 1014, 1015 (9th Cir.1993). Galliano does not contend that the detainer is improper, and we have found no authority pursuant to which we can vacate it, so we do not vacate the detainer.
 
 
 10
 Galliano's concern, a serious one if his letter brief is true, is that he will be blind in both eyes if he does not quickly receive specialized surgery which requires travel to Baltimore, Maryland, where there is a specialist who performs the necessary surgery. We do not intimate that the district court could not, if application were made to it, grant some appropriate relief. Nor do we intimate anything about the Bureau of Prisons' obligation, pursuant to the Eighth Amendment, regarding its prisoner's medical care. We do not see why this is necessarily related to his detainer. The standard detainer form, see Vargas v. Swan, 854 F.2d 1028, 1035 (7th Cir.1988), recites that it does not affect the prison's discretion regarding the prisoner's treatment while he is in custody. If Galliano needs immediate eye surgery to avoid total blindness, and is a federal prisoner, then it may be the obligation of the federal prison system to get him the surgery he needs, whether there is an INS detainer or not.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Although Galliano initially filed a "motion for summary reversal," a Ninth Circuit motions panel denied the motion and construed Galliano's memo in support of the motion as an opening brief for this appeal
 
 
 [2]
 Galliano's petition for writ of habeas corpus cites only the Mandamus Act, and not the APA, as a grounds for relief. Because Galliano did not assert a claim for relief under the APA until this appeal, we need not consider the issue. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Generally immigration proceedings are not governed by the Administrative Procedure Act, so Galliano's claim for relief on that ground would probably be rejected even if properly raised below. See Silveyra v. Moschorak, 989 F.2d 1012, 1015 (9th Cir.1993); Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir.1992)