69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Erwin GONZALEZ, aka: Joya; aka: Erwin Gonzalez Joya;
aka: Erwin Gonzalez-Joya, Defendant-Appellant.
 No. 94-50335.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 9, 1995.*
Decided Nov. 2, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Erwin Gonzalez Joya, a federal prisoner, appeals the district court's denial of his petition for a writ of mandamus under 28 U.S.C. Sec. 1361 to compel the INS to initiate deportation proceedings against him or, in the alternative, to remove the detainer against him so that he can receive the same benefits as other federal prisoners. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 Appellant Erwin Gonzalez Joya ("Gonzalez"), is presently an inmate at the Federal Correctional Institution in Bastrop, Texas. It is undisputed that Gonzalez illegally entered the United States through Tijuana, Mexico in December 1988. On August 12, 1989, Gonzalez was sentenced to 151 months of imprisonment for violating 21 U.S.C. Secs. 841(a)(1) and 846--conspiracy to possess with intent to distribute cocaine.
 
 
 4
 On April 28, 1994, Gonzalez filed a mandamus motion under 28 U.S.C. Sec. 1361 in the United States District Court for the Central District of California. Gonzalez seeks to compel the INS to initiate immediate deportation proceedings against him pursuant to 8 U.S.C. Sec. 1252(i). In the alternative, he seeks to remove the detainer against him, claiming that it disqualifies him from receiving certain benefits it enjoyed by other federal prisoners.
 
 
 5
 On May 4, 1994, the district court summarily dismissed the mandamus motion. Gonzalez now appeals.
 
 ANALYSIS
 
 6
 28 U.S.C. Sec. 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain"; (2) the defendant official's duty to act is ministerial and "so plainly prescribed as to be free from doubt"; and (3) no other adequate remedy is available. Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir.1994) (citations omitted). Whether each element of the three-part test is satisfied is a question of law reviewed de novo. Garcia v. Taylor, 40 F.3d 299, 301 (9th Cir.1994).
 
 8 U.S.C. Sec. 1252(i) (1988) provides:
 
 7
 In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General [through the Immigration and Naturalization Service] shall begin any deportation proceeding as expeditiously as possible after the date of the conviction.
 
 
 8
 (Emphasis added).
 
 
 9
 8 U.S.C. Sec. 1255a(a)(3)(A) further expedites the deportation process for aggravated felons. That provision states:
 
 
 10
 [T]he Attorney General shall provide for the initiation and, to the extent possible, the completion of deportation proceedings, and any administrative appeals thereof, in the case of any alien convicted of an aggravated felony before the alien's release from incarceration for the underlying aggravated felony.
 
 
 11
 (Emphasis added).
 
 
 12
 Gonzalez relies on our decisions in Silveyra v. Moschorak, 989 F.2d 1012 (9th Cir.1993), and Garcia v. Taylor, 40 F.3d 299 (9th Cir.1994), to support his ability to file a claim under Section 1252. We review briefly those decisions.
 
 
 13
 In Silveyra v. Moschorak, we held that the Mandamus Act may be invoked to compel a federal official to perform a duty owed to a plaintiff who "falls within the 'zone of interests' protected by the underlying statute." 989 F.2d 1012, 1014 n. 1 (9th Cir.1993) (citing Jarecki v. United States, 590 F.2d 670, 675 (7th Cir.1979)). We then held that a federal prisoner has standing to seek a writ of mandamus to compel the INS to initiate deportation proceedings against him. Id.
 
 
 14
 In Garcia, a decision issued after the passage of the 1994 Act, we held that a petitioner has standing to seek a writ of mandamus to compel the INS to initiate deportation proceedings against him. 40 F.3d at 302. We did so without contemplating whether the 1994 Act extinguished a petitioner's right to seek a writ of mandamus.
 
 
 15
 The Government argues that in 1994, when Congress passed the Immigration and Nationality Technical Corrections Act, P.L. 103-416, 108 Stat. 4305, it made clear that
 
 
 16
 [n]o Amendment made by this Act and nothing in section 242(i) of the Immigration and Nationality Act (8 U.S.C. Sec. 1252(i)) shall be construed to create any substantive or procedural right or benefit that is legally enforceable by any party against the United States or its agencies or officers or any other person.
 
 
 17
 140 Cong.Rec. S14405 (daily ed. Oct. 6, 1994). See also 140 Cong.Rec. H11292 (daily ed. Oct. 7, 1994) (statement of Representative Brooks) ("The Senate Amendment ... clarifies that ... the requirement in current law of speedy deportation for criminal aliens do[es] not create enforcement rights against the United States."). Thus, because Congress unmistakably intended to bar anyone from enforcing 8 U.S.C. Sec. 1252(i), the Government contends that Gonzalez cannot be said to fall within the "zone of interests" protected by Sec. 1252(i).
 
 
 18
 Since the filing of the briefs in this case, this circuit decided Campos v. I.N.S., 62 F.3d 311 (9th Cir.1995). In Campos, we decided that Congress legislatively overruled our decisions in Silveyra and Garcia. We observed that:
 
 
 19
 Congress took the opportunity in section 225 of the INTCA to clarify for our benefit that section 1252(i) does not create an obligation on the part of the government toward individual incarcerated aliens and that such aliens lack standing to sue for any relief under section 1252 because they are outside the "zone of interests" of the statute.
 
 
 20
 Campos, 62 F.3d at 314. Given our decision in Campos, Gonzalez cannot rely on Silveyra and Garcia as a basis for his claim.
 
 
 21
 Because he is without a "clear and certain" claim, Gonzalez fails to meet the first requirement for mandamus relief. Thus, we need not reach the issue of whether the INS has exceeded the limits of its discretion.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3