## Oscar MORENO–SUAREZ

v.

## Janet RENO, et al.

### Civil Action No. 96–1608.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Sept. 24, 1996.

Oscar Moreno–Suarez, Oakdale, LA, Pro Se.

### JUDGMENT

TRIMBLE, District Judge.

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, including written objections filed by the petitioner, and determining that the findings are correct under the applicable law;

IT IS ORDERED that this Petition for Writ of Mandamus is DISMISSED WITH PREJUDICE due to this court's lack of jurisdiction to grant the requested relief.

### REPORT AND RECOMMENDATION

WILSON, United States Magistrate Judge.

In accordance with the standing order of this court, this matter was referred to the

undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of mandamus filed *in forma pauperis* by *pro se* petitioner, Oscar Moreno–Suarez pursuant to 28 U.S.C. § 1361. The petition was filed in the United States District Court for the Eastern District of Louisiana on June 3, 1996 and transferred to this court on July 1, 1996. Petitioner names the United States Attorney General, Janet Reno, and Commissioner of the Immigration and Naturalization Service (INS), Doris Meissner, as respondents. Petitioner is incarcerated in the Federal Correctional Institute in Oakdale, Louisiana.

Petitioner states that he is a citizen of Colombia. On December 8, 1994, petitioner was convicted upon a guilty plea of conspiracy to possess with intent to distribute cocaine in the United States District Court for the Southern District of Texas. On March 27, 1992, petitioner was sentenced to serve 168 months imprisonment.

On June 8, 1995, petitioner was found excludable and ordered deported to Colombia by an immigration judge. Petitioner states that he has not sought review of the order of exclusion administratively or judicially. Petitioner remains in custody of the Federal Bureau of Prisons serving his federal criminal sentence.

By this petition, petitioner seeks enforcement of the order of exclusion and deportation prior to completion of his federal sentence. Petitioner relies on a recent amendment to the Immigration and Nationality Act (INA) which authorizes deportation of imprisoned aliens (non-violent offenders) prior to the completion of their criminal sentences under certain circumstances.

For the reasons discussed below, the petition for mandamus should be **DISMISSED WITH PREJUDICE.**

1. The statute was amended as part of the Antiterrorism and Effective Death Penalty Act signed

## LAW AND ANALYSIS

 Petitioner seeks to compel the Attorney General to deport him prior to completion of his federal sentence in accordance with 8 U.S.C. § 1252(h)(1).[1] This statute provides, in pertinent part,

(h) Deportation of imprisoned aliens

(1) Except as provided in paragraph (2), an alien sentenced to imprisonment may not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.

(2) The Attorney General is authorized to deport an alien in accordance with applicable procedures under this chapter prior to the completion of a sentence imprisonment—

(A) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (i) the alien is confined pursuant to a final conviction for a nonviolent offense (other than alien smuggling), and (ii) such deportation of the alien is appropriate and in the best interest of the United States; or

(B) in the case of an alien in the custody of a State . . .

Prior to April 24, 1996, the statute provided, as follows:

(h) Service of prison sentence prior to deportation

An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.

Thus, prior to the amendment, the statute did not authorize deportation of an incarcerated alien prior to completion of a criminal sentence. However, the amendment obviously now authorizes the Attorney General to

into law by President Clinton on April 24, 1996.

exercise discretion and determine whether deportation prior to completion of an alien's criminal sentence is "in the best interest of the United States."

It is well settled that mandamus jurisdiction under 28 U.S.C. § 1361 can be invoked only when the petitioner has a clear right to the relief sought, the defendant has a clear duty to perform and no other adequate remedy is available. *Pittston Coal Group v. Sebben,* 488 U.S. 105, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988); *Heckler v. Ringer,* 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *Miguel v. McCarl,* 291 U.S. 442, 54 S.Ct. 465, 78 L.Ed. 901 (1934). Mandamus will only issue to compel "a clear nondiscretionary duty." *Heckler,* 466 U.S. at 616, 104 S.Ct. at 2022. It is inconceivable that a determination as to what is "in the best interests of the United States" could be based upon anything but sound discretion.

Petitioner directs the court to *Silveyra v. Moseherak,* 989 F.2d 1012, 1014 (9th Cir. 1993), where the Ninth Circuit stated that an incarcerated alien had standing to seek a writ of mandamus to compel the Attorney General to institute deportation proceedings against him "as expeditiously as possible after the date of conviction" in accordance with 8 U.S.C. § 1252(i). The Ninth Circuit reasoned that § 1252(i) created a duty to incarcerated aliens because the alien fell within the "zone of interests" protected by the statute. *Id.,* at 1014 n. 1. Petitioner's reliance on *Silveyra* is misplaced. First, in 1994, Congress passed the Immigration and Nationality Technical Corrections Act (INTCA) which provides that nothing in § 1252(i) shall be construed to create any substantive or procedural right that is legally enforceable against the United States or its agencies and officers. See, INTCA, § 225. In *Campos v. INS,* 62 F.3d 311, 314 (9th Cir.1995), the Ninth Circuit recognized that its holding in *Silveyra* had been legislatively overruled and stated that the *Silveyra* ruling was obviously the target of § 225 of INTCA. Second, the Fifth Circuit reached an opposite conclusion from *Silveyra* in *Giddings v. Chandler,* 979 F.2d 1104 (5th Cir.1992). In determining whether Giddings was entitled to mandamus relief, the Fifth Circuit relied upon the "zone of interest" test, first articulated by the Supreme Court in *Association of Data Process-*

*ing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). This test requires that "the interests sought to be protected by the complainant ... arguably [be] within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Giddings,* 979 F.2d at 1108, citing, *Association of Data Processing Service Organizations,* 397 U.S. at 153, 90 S.Ct. at 830. The Fifth Circuit held that an incarcerated alien did not fall within the "zone of interest" of the underlying statute, § 1252(i), and thus, lacked standing to invoke the Mandamus Act to compel the institution of deportation proceedings. Thus, the *Silveyra* ruling no longer provides authority which supports an alien's standing in a mandamus action under § 1252(i), and more significant, it has never provided authority for a finding of standing in the Fifth Circuit.

■ Application of the Fifth Circuit's rationale in *Giddings,* supports a finding that petitioner also lacks standing to invoke the Mandamus Act as his interest cannot be construed to be consistent with the purpose of § 1252(h), the underlying statute. Petitioner does not fall within the "zone of interests" of § 1252(h). Recently, two district courts have published decisions which reach the same result as does this court, that the amendment does not confer any right of action upon the alien. *United States v. Lopez,* 938 F.Supp. 481 (N.D.Ill.1996); *Ospina v. United States,* 1996 WL 361595 (E.D.N.Y. June 7, 1996).

Petitioner also contends that he is entitled to relief under the Administrative Procedures Act (APA), 5 U.S.C. § 701, et seq. However, the Supreme Court has held that immigration proceedings are not governed by the APA. *Ardestani v. INS,* 502 U.S. 129, 112 S.Ct. 515, 116 L.Ed.2d 496 (1991).

For the foregoing reasons, the undersigned finds that petitioner does not have a right to the relief sought under § 1252(h), nor does the defendant has a clear duty to perform. Thus, petitioner is not entitled to mandamus relief, and this court is without jurisdiction under 28 U.S.C. § 1361.

Accordingly;

**IT IS RECOMMENDED** that Franco's petition for writ of mandamus be **DIS-**

MISSED WITH PREJUDICE as the petition reveals that he is not entitled to mandamus relief.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the clerk of court. Timely objections will be considered by the district judge prior to a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir.1996).**

**THUS DONE AND SIGNED,** in chambers, at Lake Charles, Louisiana, on this the 7th day of August, 1996.