Doris MEDINA, Petitioner,

v.

UNITED STATES of America, Respondent.

Cr. No. 89–00211–03.

United States District Court, E.D. Pennsylvania.

March 4, 1992.

---

Doris Medina, pro se.

Jeffrey Lindy, Asst. U.S. Atty., Philadelphia, for U.S.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The petitioner, Doris Medina, has filed "Motion for Mandamus Pursuant to 28 USC 1361", seeking to compel the Immigration and Naturalization Service (INS) to expeditiously begin deportation proceedings against her and to deport her to her native country, Columbia, pursuant to the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1252(i). In the alternative, Ms. Medina seeks to compel INS to remove the detainer which it has filed against her, which informs prison authorities that she might be deportable, and which she alleges adversely affects her prison classification and eligibility for rehabilitative programs.

Ms. Medina is currently incarcerated at the Federal Correctional Institution in Lexington, Kentucky. She is serving a 120 month term of incarceration followed by a five year term of supervised release, after having been convicted before this Court of Distribution of Cocaine, 21 U.S.C. § 841(a)(1), and Possession of an Altered Visa, 18 U.S.C. § 1546.

Title 28 United States Code § 1361, section one of the Mandamus and Venue Act of 1962 provides that

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Section two of the Mandamus and Venue Act, codified at 28 U.S.C. § 1391(e), provides that venue is proper in "any judicial district in which (1) a defendant in the action resides...." The United States Supreme Court has determined that Congress intended § 1391 to "provide nationwide venue for the convenience of individual plaintiffs in actions ... against the Government." *Stafford v. Briggs,* 444 U.S. 527, 541, 100 S.Ct. 774, 783, 63 L.Ed.2d 1 (1980). Although not surprisingly, petitioner, an incarcerated alien proceeding *pro se,* does not articulate the jurisdictional basis for her motion. However, considering (1) the plainly broad intentions of Congress in fashioning the Mandamus and Venue Act, *Stafford v. Briggs, supra,* (2) the liberality with which this Court construes the pleadings of *pro se* litigants, *see, e.g., Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and (3) efficient use of judicial resources, the Court will treat Ms. Medina's motion as properly before it. In so doing, the Court takes judicial notice of the fact that INS maintains offices within this judicial district. Further, although the instant motion is almost certainly not one properly instituted before the sentencing court, Ms. Medina cannot be expected to master from a prison cell the niceties of the procedural law of a legal system for the most part foreign to her. We thus turn to the substance of her motion.

Section 1252(i) of the Immigration Reform and Control Act of 1986 provides:

> In the case of an alien who is convicted of an offense which makes the alien subject to deportation, the Attorney General shall begin any deportation proceeding as expeditiously as possible after the date of the conviction.

514

8 U.S.C. § 1252(i) (1988). By way of § 1252(i), Ms. Medina seeks to compel the INS to expeditiously begin deportation proceedings against her and to deport her, or, in the alternative, to remove the detainer which it has filed against her, which she alleges adversely affects her prison classification and eligibility for rehabilitative programs.

At the outset, to the extent that defendant seeks deportation prior to the conclusion of her confinement, title 8 U.S.C. § 1252(h) expressly provides that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement." Accordingly, petitioner cannot by mandamus or any other medium compel INS to deport her prior to the completion of her custodial sentence.

Defendant's motion also presents the issue of whether § 1252(i) of the Immigration Reform and Control Act provides her with a private cause of action, enforceable through the Mandamus and Venue Act, to compel INS to initiate deportation proceedings against her prior to her release from incarceration. Ms. Medina presumably seeks such proceedings to allow for her immediate deportation upon the completion of her custodial sentence.

Neither the United States Supreme Court nor the Court of Appeals for the Third Circuit has yet addressed this issue; however, of those Courts of Appeals which have, a majority conclude that § 1252(i) does not create a private cause of action in favor of persons in defendant's position under either the Mandamus and Venue Act, *Aguirre v. Meese*, 930 F.2d 1292 (7th Cir. 1991), *Gonzalez v. U.S. I.N.S.*, 867 F.2d 1108 (8th Cir.1989), or federal habeas law, *Prieto v. Gluch*, 913 F.2d 1159, 1161 (6th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 976, 112 L.Ed.2d 1061, *Orozco v. U.S. I.N.S.*, 911 F.2d 539 (11th Cir.1990), *Campillo v. Sullivan*, 853 F.2d 593 (8th Cir. 1988). Only the Ninth Circuit has permitted a petitioner to proceed under the Mandamus and Venue Act to "enforce" the provisions of § 1252(i). *Soler v. Scott*, 942 F.2d 597 (9th Cir.1991).

The Court has determined to follow the majority of Courts of Appeals addressing the issue and will accordingly deny petitioner's "motion for mandamus." Although the above-cited cases provide a thorough explanation of the rationale behind this holding, in simpler terms, the Mandamus and Venue Act provides an enforcement medium only to those seeking "to compel an officer or employee of the United States or any agency thereof to perform *a duty owed to the plaintiff.*" (emphasis added) As the legislative history, extensively reviewed in the cases cited, makes abundantly clear, § 1252(i) does not create a duty on the part of the INS in favor of Ms. Medina:

> Federal prisoners were not the intended beneficiaries of the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1252(i); the legislative history indicates that states, and overcrowded prisons, were. *See* 132 Cong.Rec. H9794–95 (daily ed. Oct. 9, 1986), S16909 (daily ed. Oct. 17, 1986); *Gonzalez v. INS*, 867 F.2d 1108, 1110 (8th Cir.1989).

*Soler v. Scott*, 942 F.2d 597, 606 (9th Cir. 1991) (Rymer, J., dissenting).

Accordingly, for the reasons stated above, defendant's "Mandamus Motion Pursuant to 28 U.S.C. § 1361" will be denied.