Odalia PEREZ, Appellant,

v.

**IMMIGRATION & NATURALIZATION SERVICE, UNITED STATES DEPARTMENT OF JUSTICE.**

No. 92–1290.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule 12(6)
Aug. 27, 1992.

Decided Oct. 19, 1992.

Rehearing and Rehearing In Banc
Denied Dec. 8, 1992.

Odalia Perez, appellant pro se.

Michael M. Baylson, U.S. Atty., and Joan K. Garner, Asst. U.S. Atty., Deputy Chief, Civ. Div., Office of U.S. Atty., Philadelphia, Pa., for appellee.

Before: GREENBERG, NYGAARD and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This appeal raises a question of great importance, but one with an obvious answer: should the deportation of an alien subject to both a final order of deportation and a sentence of imprisonment be delayed until the imprisonment of the alien has been terminated by her release from confinement? Inasmuch as the answer to the question is "yes," we will affirm the district court's order denying the appellant's application for a writ of mandamus directing that she be deported.

The facts are not complicated. The appellant, Odalia Perez, a citizen of Costa Rica, on some unknown day at an undetermined location, illegally entered the United States. She subsequently was indicted in the United States District Court for the Eastern District of Pennsylvania for narcotics offenses under 21 U.S.C. §§ 841(a)(1), 845a, and 846, and 18 U.S.C. § 2(a). She pleaded not guilty, but was convicted and on February 9, 1989, was sentenced to concurrent custodial terms of 121 months. She remains imprisoned. On August 24, 1991, the Immigration and Naturalization Service issued an order directing Perez to show cause why she should not be deported because of her illegal entry into the United States and her subsequent criminal convictions. 8 U.S.C. §§ 1251(a)(1)(B) and (a)(2)(A)(iii). The order to show cause was served on Perez in prison. Perez did not make an application for relief from deportation and was ordered deported by an immigration judge. Perez has waived her right to appeal and thus the deportation proceedings have been completed.

On January 24, 1992, following the completion of the deportation proceedings, Perez filed a petition in the district court under 28 U.S.C. § 1361, seeking an order compelling the INS to deport her under section 701 of the Immigration Reform and Control Act of 1986, 8 U.S.C. § 1252(i). In her petition, Perez contended that she "was in this country illegally" and that she "should have been deported right after her conviction." She cited the opinion of the Court of Appeals for the Ninth Circuit in *Soler v. Scott*, 942 F.2d 597 (9th Cir.1991), *cert. granted*, — U.S. —, 113 S.Ct. 454, 121 L.Ed.2d 364, which held that the INS has a mandatory obligation under section 701 to begin deportation proceedings as expeditiously as possible following an alien's conviction of an offense making her subject to deportation. She indicated that section 701 "was designed to relieve the federal prison system of the overcrowding ... by providing that deportation proceedings will begin when there is a conviction." While Perez acknowledged that section 701 "was apparently enacted for the benefit of taxpayers rather than incarcerated aliens," she contended that her immediate deportation to Costa Rica would further the "congressional purpose of reducing [prison] overcrowding."

The INS promptly moved for summary judgment, contending that Perez did not have a right of deportation prior to completion of her prison sentence. The INS relied on 8 U.S.C. § 1252(h), which predated enactment of the Immigration Reform and Control Act of 1986, and provides:

> An alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.

The district court agreed with the INS and on April 1, 1992, entered an order denying mandamus. Perez then filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review, as we decide the case through the application of legal precepts.

In her brief, Perez repeats her arguments from her petition. The INS responds that while in its view *Soler v. Scott* was wrongly decided, we need not consider the merits of that decision, as it "is simply

inapplicable to the undisputed facts of the present case."

We agree with the INS that even if we expressed agreement with *Soler v. Scott*, the holding in that case would not apply here.[1] Certainly there is a distinction between the initiation and prosecution of deportation proceedings and an actual deportation. Thus, section 701 in no way is inconsistent with the earlier provision in 8 U.S.C. § 1252(h), which precludes a prisoner's deportation prior to her release from confinement and which therefore continues in full force notwithstanding the later enactment of section 701 as codified at 8 U.S.C. § 1252(i). Furthermore, its legislative history, as cited in *Soler v. Scott*, 942 F.2d at 600, demonstrates that section 701 was intended to address the problem of the delay in deporting aliens after they completed their sentences. There is no indication that Congress intended to substitute a deportation proceeding for incarceration of aliens committing serious criminal offenses.

Accordingly, we agree with the district court in *Medina v. United States*, 785 F.Supp. 512 (E.D.Pa.1992), which indicated that a prisoner "cannot by mandamus or any other medium compel INS to deport her prior to the completion of her custodial sentence." *Id.* at 514. We therefore conclude that there is no merit to Perez's petition for mandamus. In fact, in this case the INS by its prompt prosecution of the deportation proceedings complied with its obligation as set forth by the court in *Soler v. Scott*, 942 F.2d at 600. Consequently, Perez can be deported promptly when her prison term expires. While Perez is undoubtedly correct that Congress is concerned with prison overcrowding, we cannot conceive that Congress would enact legislation that in effect would almost invite aliens to commit serious criminal offenses, secure in the knowledge that the consequence of apprehension and conviction would be deportation rather than imprisonment.

Accordingly, the order of April 1, 1992, will be affirmed.

## SUR PETITION FOR REHEARING

Dec. 8, 1992.

Present: SLOVITER, Chief Judge, BECKER, STAPLETON, MANSMANN, GREENBERG, HUTCHINSON, SCIRICA, COWEN, NYGAARD, ALITO, ROTH, LEWIS and HIGGINBOTHAM, Circuit Judges.

The petition for rehearing filed by the appellant in the above captioned ·matter having been submitted to the judges who participated in the decision of this court and to all the other available circuit judges of the court in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the court in banc, the petition for rehearing is denied.

---

1. We note that the court in *Medina v. United States*, 785 F.Supp. 512, 514 (E.D.Pa.1992), in reliance on several opinions of courts of appeals, held that section 701 "does not create a private cause of action in favor of" federal prisoners, as the intended beneficiaries of the ·section were states and overcrowded prisons. The *Medina* court thus declined to follow *Soler v. Scott*. We, of course, express no view on the holding in *Soler v. Scott*.