**Martina RODRIGUEZ, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 1143, Docket 92–2764.

United States Court of Appeals, Second Circuit.

Submitted April 23, 1993.

Decided June 3, 1993.

Martina Rodriguez, *pro se.*

Scott Dunn, Sp. Asst. U.S. Atty., E.D.N.Y. (Mary Jo White, U.S. Atty., E.D.N.Y. Robert L. Begleiter, Varuni Nelson, Asst. U.S. Attys., of Counsel), for appellee.

Before PRATT and JACOBS, Circuit Judges, and WHITMAN KNAPP, United States District Judge for the Southern District of New York, sitting by designation.

PER CURIAM:

Our court has recently received a number of appeals presenting problems that relate to the interval between deportation and the end of an alien's term of imprisonment. Several district judges have sought to depart downwardly from an alien-defendant's guidelines sentence to adjust in advance for the anticipated collateral consequences of the alien's status—including what is often a lengthy stay in Immigration and Naturalization Service ("INS") deportation centers awaiting deportation. *See, e.g., United States v. Restrepo,* 802 F.Supp. 781 (E.D.N.Y.1992). We write this opinion to help clarify the law in this area.

Martina Rodriguez is an alien serving a drug sentence. Acting *pro se*, she appeals from the judgment of the United States District Court for the Eastern District of New York, Raymond J. Dearie, *Judge*, entered October 23, 1992, which denied her petition for mandamus under 28 U.S.C. § 1361. Rodriguez sought to compel the INS (1) to initiate prompt deportation proceedings against her and (2) to deport her prior to her release from incarceration.

Rodriguez's claim for prompt initiation of deportation proceedings is moot. On September 16, 1991, the INS began exclusion proceedings and charged Rodriguez with being excludable from the United States as an alien who attempted to enter the United States without proper immigration documentation and who was convicted of a drug-related offense. An immigration judge found Rodriguez excludable, and she was subsequently ordered to be excluded and deported. The order became final after Rodriguez waived appeal. 8 C.F.R. §§ 3.37, 242.20.

Rodriguez's second claim is that she should be immediately deported, even before she completes her prior sentence. This claim is barred by 8 U.S.C. § 1252. Subsection (i) requires the Attorney General to "begin any deportation proceeding as expeditiously as possible after the date of conviction" for convicted aliens subject to deportation. 8 U.S.C. § 1252(i). This section represents congressional disapproval of the INS practice of waiting to initiate deportation proceedings against aliens until completion of their sentence. *See, e.g., Emejulu v. INS*, 989 F.2d 771 (5th Cir.1993) (noting that congressional debates concerning § 1252(i) criticized INS delays, quoting *Giddings v. Chandler*, 979 F.2d 1104, 1106 (5th Cir.1992)).

The rush to deportation that is suggested by subsection (i) is tempered, however, by subsection (h), which provides that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement." 8 U.S.C. § 1252(h). Thus, the INS must initiate proceedings as soon as possible after conviction, but it may not deport aliens until they have completed their terms of imprisonment. *See, e.g., Ezeh v.*

*United States*, 1992 WL 189452 (E.D.N.Y. 1992), *appeal dismissed mem.*, 992 F.2d 321 (2d Cir.1993); *Paulino v. Connery*, 766 F.Supp. 209, 211 (S.D.N.Y.1991) ("[t]o determine the duties imposed on INS by Congress, 8 U.S.C. § 1252(i) must be read in conjunction with 8 U.S.C. § 1252(h) and 1252(c)"); *Blanco v. INS*, 1988 WL 236303, at *1 (S.D.N.Y.1988) (same); *Perez v. INS*, 979 F.2d 299, 300–01 (3d Cir.1992) (deportation of excludable alien must await completion of her term of imprisonment).

This reading of 1252(i) is further supported by 1252(c), which permits the Attorney General "six months from the date of [the deportation] order * * * within which to effect the alien's departure from the United States". The last sentence of subsection (c) significantly provides that "an order of deportation * * * entered against an alien in legal * * * confinement * * * shall be considered as being made as of the moment he is released from such * * * confinement, and not prior thereto."

The district court, therefore, properly denied Rodriguez's petition for mandamus. Because Rodriguez's claim fails on is merit, we have not considered or decided whether a criminal alien has any private right of action under § 1252(i) or any standing to seek mandamus. We assume, nonetheless, that promptly upon completion of her scheduled term of incarceration on July 24, 1994, Rodriguez will be deported in accordance with the order of Immigration Judge Charles A. Wiegand.

Affirmed.