9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David R. JOLIVET, Plaintiff-Appellant,
v.
IMMIGRATION & NATURALIZATION SERVICE, Defendant-Appellee.
 No. 92-55567.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM %**
 
 
 2
 David R. Jolivet, an incarcerated alien, appeals pro se the district court's dismissal of his complaint seeking to compel the Immigration and Naturalization Service ("INS") to deport him prior to the completion of his criminal sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 In support of his contention that he is entitled to immediate deportation, Jolivet relies on Soler v. Scott, 942 F.2d 597 (9th Cir.1991), vacated as moot sub nom., Sivley v. Scott, 113 S.Ct. 454 (1992). He also relies on 8 U.S.C. § 1252(i). This reliance, however, is misplaced. Section 1252(i) requires the INS to "begin any deportation proceedings as expeditiously as possible after the date of conviction." Thus, section 1252(i) merely represents Congress's disapproval with the INS's practice of waiting until an alien has completed his sentence to initiate deportation proceedings. See Gidding v. Chandler, 979 F.2d 1104, 1106 (5th Cir.1992) (noting that during congressional debate over section 1252(i), Congress criticized INS for delays in commencing deportation proceedings against incarcerated aliens).
 
 
 4
 In Jolivet's situation, however, deportation proceedings already have been commenced and an order of deportation issued. Moreover, because Jolivet did not appeal this order, all that remains is the actual deportation. Thus, section 1252(i)'s provisions are inapplicable to Jolivet's situation.
 
 
 5
 Section 1252(h), however, does apply. It provides that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement." 8 U.S.C. § 1252(h); see also Rodriguez v. United States, 994 F.2d 110, 111 (2d Cir.1993) (rejecting alien's claim that order of deportation supersedes criminal conviction requiring immediate deportation); Perez v. INS, 979 F.2d 299, 300-301 (3d Cir.1992) (same).
 
 
 6
 This proposition is further supported by section 1252(c). See 8 U.S.C. § 1252(c). Section 1252(c) generally grants the Attorney General six months from the date of a final order of deportation in which "to effect the alien's departure from the United States." Id. The final sentence of this section, however, provides that "[f]or the purposes of this section an order of deportation heretofore or hereafter entered against an alien in legal detention or confinement, other than under an immigration process, shall be considered as being made as of the moment he is released from such detention or confinement, and not prior thereto." Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3