Larry David WALFORD,
Petitioner–Appellant,

v.

IMMIGRATION & NATURALIZATION
SERVICE, FOR the STATE OF COLO-
RADO; United States District Court
District of Colorado, Respondents–Ap-
pellees.

No. 94–1500.

United States Court of Appeals,
Tenth Circuit.

Feb. 13, 1995.

Larry D. Walford, pro se.

Henry L. Solano, U.S. Atty., and Michael E. Hegarty, Asst. U.S. Atty., Denver, CO, for respondents-appellees.

Before TACHA, LOGAN and KELLY, Circuit Judges.

LOGAN, Circuit Judge.

Petitioner Larry David Walford, an inmate in the Centennial, Colorado Correctional Facility, appeals pro se the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2241, which the district court construed as both a petition for habeas relief and a request for a writ of mandamus pursuant to 28 U.S.C. § 1361.[1]

The Immigration and Naturalization Service (INS) issued an order of deportation against petitioner, a citizen of the United Kingdom, in 1988 based on petitioner's convictions on two crimes of moral turpitude. A detainer was filed with the Colorado Department of Corrections requesting reasonable notice before petitioner's release. In his habeas application petitioner stated that the detainer caused him to be subjected to an increased security classification and prevented him from participating in rehabilitation programs that might lead to his parole. Therefore, he asserted that either the INS should be forced to deport him or the court

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

should "dismiss" the deportation order and detainer.

■ The district court adopted the magistrate judge's recommendation that the request that the INS be compelled to execute the deportation order be construed as a request for a writ of mandamus pursuant to 28 U.S.C. § 1361. The district court denied mandamus relief because "an agency's decision not to take enforcement action is presumed to be immune from judicial review." I R. doc. 11 at 2–3. The district court also relied on 8 U.S.C. § 1252(h), which provides that "[a]n alien sentenced to imprisonment shall not be deported until such imprisonment has been terminated by the release of the alien from confinement." We agree that the district court correctly determined that the INS cannot be compelled to enforce the deportation action before petitioner completes his custodial sentence. *See, e.g., Rodriguez v. United States*, 994 F.2d 110 (2d Cir.1993); *Perez v. Immigration and Naturalization Service, United States Dep't of Justice*, 979 F.2d 299 (3d Cir.1992).

■ The district court then determined that the request to dismiss the deportation order and detainer was an attack on the merits of the final deportation order, which must be brought directly to the Tenth Circuit Court of Appeals. *See* 8 U.S.C. § 1105a(a)(2); *Galaviz–Medina v. Wooten*, 27 F.3d 487 (10th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995). On appeal, petitioner denies that he is challenging the merits of the deportation order. If petitioner's request for "dismissal" of the deportation order is not an attack on the merits of the order, his contentions that the deportation order and detainer have prevented him from participating in prison programs that could lead to parole do not make out a due process violation. *See, e.g., McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir.1991) (assertions that unexecuted state detainer warrant prejudiced petitioner in entering prison programs and jeopardized possibility of parole did not trigger due process concern), *cert. denied*, —— U.S. ——, 112 S.Ct. 1968, 118 L.Ed.2d 568 (1992).

Petitioner seeks release from prison so that he can be deported to Great Britain. He apparently believes the detainer is affecting his chances for early release. But the detainer itself informs the state prison officials that it "does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive." I R. tab 3, ex. A–1. Further, 8 U.S.C. § 1252(h) clearly states that an alien imprisoned for a crime committed in the United States is not to be deported until he is released from prison after serving his sentence. Among other considerations in enacting this provision, Congress apparently believed the deterrent effect of requiring convicted aliens to serve their prison sentences outweighed the cost savings that could be realized by immediate deportation.

AFFIRMED.