HLD-026    (October 29, 2010)                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2967
_____

IN RE: GONZALO MOTA-RIVERA,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 10-02531)
District Judge:  Honorable John P. Fullam

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 29, 2010
Before:  McKEE, Chief Judge, ALDISERT and WEIS Circuit Judges

(Opinion filed:  February 15, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

On April 25, 2008, Gonzalo Mota-Rivera pleaded guilty in the United

States District Court for the Southern District of California to illegally reentering the

United States, in violation of 8 U.S.C. § 1326(a) and (b).  Mota-Rivera was sentenced to

a term of 70 months' imprisonment.  At the end of that term – September 23, 2014,

according to Mota-Rivera – he is to be removed to his native Mexico.  Mota-Rivera,

however, does not want to wait until then; he filed this mandamus petition under 28 U.S.C. § 1361 in the United States District Court for the Eastern District of Pennsylvania on April 26, 2010, demanding that he be immediately removed to Mexico.

The District Court dismissed the mandamus petition. It rejected Mota-Rivera's reliance on Soler v. Scott, 942 F.2d 597 (9th Cir. 1991), and explained that Soler's holding was superseded by the Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, 108 Stat. 4305. See Campos v. INS, 62 F.3d 311, 313-14 (9th Cir. 1995). The District Court also based its decision on Perez v. INS, 979 F.2d 299 (3d Cir. 1992), in which we held that "a prisoner 'cannot by mandamus or any other medium compel INS to deport her prior to the completion of her custodial sentence.'" 979 F.2d at 301 (quoting Medina v. United States, 785 F. Supp. 512, 514 (E.D. Pa. 1992)). Mota-Rivera appealed.

We have jurisdiction under 28 U.S.C. § 1291. The District Court's denial of mandamus relief is reviewed for abuse of discretion. Arnold v. Blast Intermediate Unit 17, 843 F.2d 122, 125 (3d Cir. 1988). We may summarily affirm a judgment of the District Court if the appeal does not present a substantial question. LAR 27.4; I.O.P. 10.6. We conclude that this is such an appeal, as Mota-Rivera's request for relief under § 1361 is clearly foreclosed by our holding in Perez. Accordingly, we will summarily affirm the District Court's judgment.