**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 13, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMES KEVIN RUPPERT,

Plaintiff - Appellant,

v.

NEW MEXICO DEPARTMENT OF
CORRECTIONS; GUADALUPE
COUNTY CORRECTIONAL
FACILITY; GEO GROUP, INC.;
GREGG MARCANTEL, Secretary of
Corrections; JERRY ROARK,
Deputy Secretary; RALPH
CASAUS, Grievance,
Administrative Judge; WARDEN
ERASMO BRAVO; DEPUTY
WARDEN ULIBARRI; CAPTAIN
PHIL ARAGON; LIEUTENANT
JUSTIN RODGERS, Security
Threat, Intelligence Unit;
LIEUTENANT J. VIGIL,
Disciplinary/Grievance Officer;
SARGEANT RIVERA, Disciplinary;
SARGEANT TORELLA;
MAILROOM SUPERVISOR C.
CHAVEZ; COMPLIANCE
MONITOR G. CHAVEZ,

Defendants - Appellees.

Nos. 14-2030 & 14-2123
(D.C. Nos. 1:13-CV-00054-JAP-
ACT &
1:13-CV-00054-JAP-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

---

[*]    The parties do not request oral argument, and the Court has
determined that oral argument would not materially aid our consideration
of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we
have decided the appeal based on the briefs.

(continued)

Before **BACHARACH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Mr. Kevin James Ruppert is a state prisoner convicted of murder and sentenced to life imprisonment. He sued under 42 U.S.C. § 1983, seeking damages and equitable relief based on the duration of his confinement and the conditions in his prison. On screening, the district court dismissed Mr. Ruppert's claims relating to extension of confinement to increase profit, denial of the opportunity to participate in rehabilitative programs, and denial of legal materials.

Though this order did not terminate the action, Mr. Ruppert filed an interlocutory appeal (No. 14-2030). While that appeal was pending, the district court granted summary judgment to the defendants on Mr. Ruppert's claim of retaliation. Mr. Ruppert again appealed (No. 14-2123).[1]

We affirm the district court's two orders.

---

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1] With entry of this judgment, the interlocutory appeal ripened, allowing us to review the dismissal order. *See Elm Ridge Exploration Co. v. Engle*, 721 F.3d 1199, 1209 n.5 (10th Cir. 2013). Review of the subsequent summary judgment order required its own notice of appeal, which Mr. Ruppert filed to initiate the second appeal (No. 14-2123). *See id.*

## I. Mr. Ruppert's Claims and the Disposition

The complaint contains five claims:

1.  The New Mexico Department of Corrections and the company operating the correctional facility used disciplinary actions as a pretext to increase profit by keeping individuals imprisoned longer than they should have been.

2.  Prison officials deprived Mr. Ruppert of due process by excluding him from rehabilitative programs.

3.  Authorities did not allow Mr. Ruppert to have adequate access to legal materials.

4.  The sentence, life imprisonment, was unauthorized.

5.  Prison officials retaliated against Mr. Ruppert.

The district court dismissed the first three claims and held that the defendants were entitled to summary judgment on the fifth claim. We agree with these rulings.

The fourth claim (unauthorized life sentence) was not discussed in the district court's opinion. But this omission was harmless because the claim was invalid on its face.

## II. Appeal No. 14-2030

We start with the first appeal (No. 14-2030).

### A. The Appeal

The first appeal involves the claims involving extension of Mr. Ruppert's confinement, loss of the opportunity to participate in

rehabilitative programs, denial of access to legal materials, and invalidity of the life sentence. In our view, all of these claims are facially invalid.

### 1.   Standard of Review

In reviewing the district court's dismissal of these claims, we engage in de novo review. *See Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009) ("Like dismissals under Rule 12(b)(6), we review *de novo* a district court's *sua sponte* dismissal pursuant to . . . § 1915(e)(2) in an *in forma pauperis* proceeding.").

### 2.   Claims Discussed by the District Court

The district court discussed three of the claims, explaining why they fail as a matter of law.

### a.   Extending Confinement

For example, the district court properly rejected the first claim (extension of confinement to increase profits). As the district court explained, this claim was conclusory.

In the complaint, the plaintiff must allege sufficient facts—as opposed to mere conclusions—to state a claim that is plausible on its face. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). This plausibility standard governs even though Mr. Ruppert has prosecuted the case without an attorney. *See Hall v. Witteman*, 584 F.3d 859, 863-64 (10th Cir. 2009).

In the complaint, Mr. Ruppert alleges that

- the New Mexico Department of Corrections and the company operating his facility were "using crime to produce a commodity to feed the private prison sector" and

- "in order to maintain the financial structure," prison officials processed "a high rate of disciplinary misconduct reports to deprive [inmates] of rehabilitation" and enhance sentences.

R. at 19.

These allegations do not state a plausible claim involving harm to Mr. Ruppert. He was sentenced to life imprisonment, and there is nothing in the complaint to suggest extension of his confinement because of the company's "financial structure," "feed[ing]" of the private prison industry, or processing of misconduct reports.

### b. Denial of the Opportunity to Participate in Rehabilitative Programs

The district court also properly rejected Mr. Ruppert's claim involving his inability to participate in rehabilitative programs.

These programs, in themselves, do not implicate constitutional concerns. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Walford v. INS ex rel. Colo.*, 48 F.3d 477, 478 (10th Cir. 1995). It is true that constitutionally protected interests may sometimes arise from state law. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). But state law can create a protected interest only by imposing "substantive limitations on official discretion." *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).

Mr. Ruppert relies on N.M. Stat. Ann. § 33-8-3, which addresses prison industries. This law states: "The purpose of the Corrections Industries Act is to enhance rehabilitation, education and vocational skills of inmates through productive involvement in enterprises and public works of benefit to state agencies and local public bodies and to minimize inmate idleness." As the district court explained, this language does not limit discretion in the administration of prison programs. Thus, the right to due process is not violated by loss of opportunities to participate in rehabilitative programs.

### c.     Denial of Legal Materials

We also reject the claim involving Mr. Ruppert's alleged inability to access legal materials.

The Supreme Court clarified in *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996), that prisoners lack "an abstract, freestanding right to a law library or legal assistance," but do enjoy a right of access to the courts.

To plead a violation of this right, a prisoner must allege facts indicating an "actual injury" involving a nonfrivolous legal claim about a conviction or the conditions of confinement. *Gee v. Pacheco*, 627 F.3d 1178, 1191 (10th Cir. 2010).[2] The prisoner's allegations of actual injury

---

[2]     Mr. Ruppert contends that no actual injury need be shown when a "core" means of access is involved, citing *Sands v. Lewis*, 886 F.2d 1166,

(continued)

must go beyond mere conclusions. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (stating that conclusory allegations of injury will not suffice).

We agree with the district court that Mr. Ruppert's conclusory allegations of injury, which were not tied to the adverse disposition of a particular legal claim, do not satisfy the prejudice requirement in *Lewis*.

Mr. Ruppert insists that because he could not use legal reference material, he did not know how to supplement his pleadings in a related federal case after prison officials filed a *Martinez* report. Actually, he was able to prepare a supplemental pleading in that case. The district court simply explained that Mr. Ruppert did not need to file anything until prison officials filed a *Martinez* report. This incident does not suggest an impediment to Mr. Ruppert's prosecution of his federal suit.[3]

---

1171 (9th Cir. 1989). But *Sands* was overruled by *Lewis v. Casey. See Silva v. Di Vittorio*, 658 F.3d 1090, 1102 n.8 (9th Cir. 2011).

[3] On occasion, Mr. Ruppert attempts to shift the focus of his claim regarding legal materials, arguing that he is complaining about the inability to obtain legal knowledge rather than a lack of court access. This argument is not tenable under *Lewis*, which requires an actual injury because inmates lack "an abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351.

Mr. Ruppert relies on (1) 28 U.S.C. § 414, which deals with the transmittal of materials between government officers and their successors, and (2) 28 U.S.C. § 451, which includes various definitions. These provisions lack any bearing on the claims.

(continued)

**3.    Additional Claim: Validity of a Term for Life Imprisonment**

In the complaint, Mr. Ruppert also attacks the validity of his sentence to life imprisonment. According to Mr. Ruppert, New Mexico lacks statutory authority to keep individuals in prison for life after they have spent 30 years in confinement. The district court apparently overlooked this claim in the dismissal order.[4] But the oversight is harmless because this claim would have been invalid under New Mexico law.

In New Mexico, life imprisonment was an available sentence for Mr. Ruppert's murder conviction. When Mr. Ruppert was sentenced, state law designated the crime as a capital felony, creating two possible sentences: the death penalty or life imprisonment. *See* § 31-18-14(A).[5] New Mexico

---

Mr. Ruppert also alleges restrictions on inmate-to-inmate legal assistance. These allegations are insufficient for two reasons. First, the allegations do not relate to an actual injury. Second, inmates lack a First Amendment right to provide legal assistance to other inmates; such assistance may be restricted by reasonable regulation when (as here) the prison offers alternative means of court access. *Shaw v. Murphy*, 532 U.S. 223, 231 & n.3 (2001); *Smith v. Maschner*, 899 F.2d 940, 950 (10th Cir. 1990).

[4]    The oversight was understandable, for Mr. Ruppert's filings were numerous and difficult to understand. The district court did a laudable job of interpreting the complaint.

[5]    Unless otherwise specified, we have used the New Mexico statutory references as they existed in 1983, when the crime was committed. Mr. Ruppert sometimes refers to laws repealed and replaced prior to 1983. Those versions of the law did not apply to Mr. Ruppert's case. But the statutory differences are immaterial for our purposes.

later abolished the death penalty, stating that if someone had been sentenced to death, the sentence would automatically change to life imprisonment. *See id.* § 31-18-14(B). But that amendment did not affect Mr. Ruppert, for his sentence had always been life imprisonment. That sentence was expressly authorized by New Mexico law both before and after the state's abolition of the death penalty.

Mr. Ruppert also argues that New Mexico law does not adequately define life sentences, which lack determinate minimum and maximum terms of years. It is true that life sentences in New Mexico are not framed by such terms. *See Compton v. Lytle*, 81 P.3d 39, 43 (N.M. 2003) (stating that life sentences lack a determinate maximum term, refusing to read specification of 30-year parole-eligibility date as creating a determinate minimum term). Rather, such sentences are framed by reference to

- the requirement of "thirty years of imprisonment before the possibility of parole [not release],"[6] and

- the directive that, absent parole, imprisonment continues "until the death of the prisoner."[7]

But that does not leave a life sentence "undefined," for the meaning of a life sentence is clear: imprisonment for the rest of the prisoner's life (unless the inmate obtains parole after imprisonment for at least 30 years).

---

[6]   *State v. Trujillo*, 42 P.3d 814, 820 (N.M. 2002).

[7]   *State v. Juan*, 242 P.3d 314, 327 (N.M. 2010).

- 9 -

*See State v. Trujillo*, 42 P.3d 814, 820 (N.M. 2002) (stating that life imprisonment has been interpreted in New Mexico to mean imprisonment for 30 years before the possibility of parole or good time credits); *see also State v. Juan*, 242 P.3d 314, 327 (N.M. 2010) (stating that the length of a life sentence cannot be determined until the inmate dies). Mr. Ruppert does not cite any authority suggesting that this understanding of state law renders his life sentence invalid as a matter of state law or suspect as a matter of federal law.

In sum, Mr. Ruppert has not demonstrated any error in the dismissal order in Appeal No. 14-2030.

### B. Pending Motions

Mr. Ruppert has filed eight motions in this appeal. We address them separately.

#### 1. "Motion for Damages at the Appellate Court's Discretion" (Jan. 26, 2015)

Mr. Ruppert filed a motion for damages, to be awarded at our discretion. But we lack discretion to award damages. This motion is denied.

#### 2. "Motion for Plenary Review" (Jan. 26, 2015)

In this motion, Mr. Ruppert appears to seek a congressional investigation into the District of New Mexico's adjudication of prisoner

cases. The Court lacks the power to order such an investigation. This motion is denied.

### 3. Motion for Miscellaneous Relief (July 25, 2014)

In the aspects of this motion that remain pending, Mr. Ruppert appears to seek appointment of counsel and waiver of the filing fee. These requests are unwarranted, and we deny the motion.

### 4. Motion for Change of Venue (July 11, 2014)

Mr. Ruppert seeks a change of venue to another federal district within the Tenth Circuit. This motion is moot because the proceedings in district court are now terminated in light of our disposition of the appeal.

### 5. Fraud on the Court (July 11, 2014)

This is, in effect, an unauthorized supplemental brief. This brief is stricken.

### 6. Motion for Attorney Fees (July 11, 2014)

Mr. Ruppert has not prevailed in the appeal. This motion is denied.

### 7. Motion for Investigation (May 16, 2014)

Mr. Ruppert complains of a call, but the caller is not identified. This motion is denied.

### 8. Motion for Leave to Proceed in Forma Pauperis (Apr. 25, 2014)

This motion is granted.

## III. Appeal No. 14-2123

We turn to the second appeal (No. 14-2123).

### A. The Appeal

This appeal involves Mr. Ruppert's retaliation claim. On this claim, the district court granted summary judgment to the defendants. We agree with this ruling.

The magistrate judge and district judge thoroughly explained the evidentiary deficiencies on the retaliation claim. On appeal, Mr. Ruppert focuses largely on the prior dismissal order and other extraneous matters, failing to address the substance of the district court's rationale.

In an appeal from the grant of summary judgment, the appellant must advance an argument (with supporting references to the evidence) regarding why the district court's decision was incorrect. *See Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546-47 (10th Cir. 1995). Even for a pro se appellant, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). There is nothing in Mr. Ruppert's briefs that would suggest error in the summary judgment ruling.[8]

---

[8] Mr. Ruppert complains that he was not told about the need to respond to the defendants' summary judgment motion. But he eventually did

(continued)

- 12 -

### B. Pending Motions

Mr. Ruppert has filed nine motions in this appeal. We address them separately.

#### 1. Motion for Rule 11 Sanctions (Jan. 26, 2015)

Federal Rule of Civil Procedure 11 addresses sanctions in district court, not our court. This motion is denied.

#### 2. Motion for Attorney Fees (Jan. 26, 2015)

Mr. Ruppert has not prevailed in this appeal. Thus, we deny his motion for an award of attorney fees.

#### 3. "Motion to Be Exempt from 1997(e) PLRA" (Jan. 26, 2015)

This motion is, in effect, an unauthorized supplemental brief. This document is stricken.

#### 4. "Motion for Plenary Review" (Jan. 26, 2015)

This motion is denied for the reasons discussed above.

#### 5. Motion for Award of Damages (Jan. 26, 2015)

This motion is denied for the reasons discussed above.

---

respond. Though the defendants moved to strike the response on timeliness grounds, the district court denied the motion to strike and considered the response. We too have considered the response brief.

### 6. "Motion to Waive Filing Fee or Assess Filing Fee for Second Appeal No. 14-2123 into Pending Appeal No. 14-2030" (Oct. 6, 2014)

Mr. Ruppert seeks relief from the filing fee. We deny the request.

In part, Mr. Ruppert wants us to waive the filing fee. For the sake of argument, we can assume that we have this authority. *Cf. Porter v. Dep't of Treasury*, 564 F.3d 176, 180 (3d Cir. 2009) (holding that the Prison Litigation Reform Act prevents the Court of Appeals from waiving an inmate plaintiff's filing fee). But even with this assumption, we would deny the motion because Mr. Ruppert has not justified waiver of the filing fee.

Mr. Ruppert is also apparently seeking some alternative form of relief with regard to the filing fee. The precise nature of that relief is unclear. For example, it is possible that Mr. Ruppert is asking us to apply his installment payments in the first appeal (No. 14-2030) to the filing fee in both appeals (14-2030 and 14-2123). If so, the request would effectively involve waiver of the filing fee in the second appeal (No. 14-2123); and we have already held that Mr. Ruppert is not entitled to waive the filing fee in the second appeal (No. 14-2123). Thus, if this is what Mr. Ruppert is wanting, we would deny the request.

But it is not clear that this is what Mr. Ruppert is wanting. It may be that he is simply wanting us to postpone his installment payments in the

second appeal (No. 14-2123) until he has fully paid the filing fee in the first appeal (No. 14-2030). If so, we have held in *Christensen v. Big Horn Board of County Commissioners* that this relief is unavailable. 374 F. App'x 821, 829-33 (10th Cir. 2010). We regard *Christensen* as persuasive, concluding as we did in that case that the installment payments must be paid simultaneously in both appeals. Thus, if Mr. Ruppert is requesting postponement of the installments in the second appeal (No. 14-2123), we would deny the request.

Accordingly, we deny the motion based on either of the possible constructions.

**7.     Request for Fee Consolidation (Oct. 6, 2014)**

This request is denied for the reasons stated above.

**8.     Motion for Leave to Proceed in Forma Pauperis (Oct. 6, 2014)**

This motion is granted.

## IV.   Conclusion

We affirm in Appeals Nos. 14-2030 and 14-2123.

Entered for the Court

Robert E. Bacharach
Circuit Judge

- 15 -